## 24086. MATHIS v. CITY OF NASHVILLE.

BROYLES, C. J.   1. "The answer to the writ of certiorari shall be filed on the first day of the term to which it is returnable, unless further time be given." Civil Code (1910), § 5195.

2. The certiorari in this case was returnable to the December term, 1933, of Berrien superior court, and was heard at the March term, 1934, of the court. Upon the hearing it appeared that no answer to the petition for certiorari had been made, and no order taken at the previous term of the court requiring the trial magistrate to file his answer. Under this state of facts, the judge of the superior court properly sustained the motion to dismiss the certiorari upon the grounds that no answer had been filed at the December term, 1933, of the court, and no order taken at that term requiring the trial magistrate to make his answer. "The plaintiff in certiorari is at fault in failing to make an appropriate motion in due time, and the dismissal results from this fault, and not from the bare failure of the judge to file his answer." *Sutton* v. *State*, 120 *Ga.* 865, 866 (48 S. E. 342) ; *Carter* v. *Cross*, 34 *Ga. App.* 149 (128 S. E. 590).

3. There is no merit in the contention of counsel for the plaintiff in error that the foregoing ruling is affected by the act of 1933 (Ga. L. 1933, p. 113), which provides that where the trial judge *dies* before making his answer to a certiorari served upon him, the judge of the superior court shall grant a new trial in that case.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

DECIDED JULY 2, 1934.

*E. R. Smith,* for plaintiff in error.   *William Story,* contra.

## 24087. MATHIS v. CITY OF NASHVILLE.

MACINTYRE, J.   This case is controlled by the decision this day rendered in *Mathis* v. *Nashville*, ante.

*Judgment affirmed. Broyles, C. J., and Guerry, J. concur.*

DECIDED JULY 2, 1934.

## 23574. MILLER v. JACKSON et al.

MACINTYRE, J.   1. While it is true that all persons who are interested in sustaining or reversing the judgment of the court below are indispensable parties in the appellate courts, and they must be made parties to the bill of exceptions or the same will be dismissed (*Emanuel Farm Co.* v. *Batts*, 176 *Ga.* 552, 168 S. E. 316; *Poston* v. *Durham*, 177 *Ga.* 870,