46233. HARVEY et al. v. LISSNER et al.
46234. HARVEY et al. v. BURGESS et al.

EBERHARDT, Judge. 1. Georgia Laws 1969, p. 942, amending *Code* § 92-6912 so as to authorize appeals from tax assessment arbitration decisions, provides in part as follows: "The taxpayer or the board of tax assessors may appeal the arbitrators' decision to the superior court of the county in which the land lies any time the difference between the valuation of the board of tax assessors and the valuation of the arbitrators exceeds the sum of $1,000. The appeal shall be filed with the clerk of the superior court within 30 days after the arbitrators' decision is filed with the board of tax assessors. The appeal shall constitute a de novo action and *shall* be heard before a jury *at the first term*

following the filing of the appeal." (Emphasis supplied). CPA § 40 (c) (*Code Ann.* 81A-140 (c) ) provides: "The courts shall provide for the placing of actions upon the trial calendar (1) without request of the parties but upon notice to the parties, or (2) upon request of a party and notice to the other parties. Except for cause cases shall be placed upon the calendar in chronological order in accordance with filing dates. *Precedence shall be given to actions entitled thereto by any statute."* (Emphasis supplied).

2. The provision of Ga. L. 1969, p. 942, requiring the appeal from the arbitrator's decision to be heard before a jury at the first term following the filing of the appeal, concerns and affects both the public interest and the interest of the taxpayer. The public has an interest in the proper administration of the revenue laws and the solvency of its fisc, while the taxpayer is entitled to know promptly and precisely the extent of his tax liability.

3. In the instant case it appears that the county board of tax assessors appealed the arbitrators' decision as to appellees' 1970 assessments to the superior court; that the first term following the filing of the appeal was the September, 1970, term; that appellants suffered the cases to be placed on the calendar in regular order, so that they appeared as the 38th and 39th cases on the calendar for the "Civil week" of the September term behind fourteen damage actions, thirteen suits for divorce, and ten other cases of various sorts; that appellants failed to request that the appeals be placed at the head of the calendar and given the preference to which they were entitled under the law; that as a result they were not reached and brought on for trial at the September, 1970, term nor at the next or January, 1971, term; and that at the time appellees' motions for summary judgment were considered (February 16 and 18, 1971) the appeals still had not been tried or determined in any way. Under these circumstances, there was no error in sustaining appellees' motions for summary judgment and dismissing the appeals on the grounds of the motions that the appeals were not brought to trial at the first term as required by Ga. L. 1969, p. 942. Cf. *Mathis v. City of Nashville,* 49 Ga. App. 309

(175 SE 384); *Hendricks v. State,* 70 Ga. App. 805 (29 SE2d 447); *Turner v. State,* 85 Ga. App. 609 (70 SE2d 45); *Galfas v. City of Atlanta,* 88 Ga. App. 385 (2) (76 SE2d 641).

*Judgments affirmed. Hall, P. J., and Whitman, J., concur.*
SUBMITTED MAY 10, 1971—DECIDED SEPTEMBER 14, 1971.

*Nightingale, Liles & Dennard, Edward B. Liles,* for appellants.
*Bennet, Gilbert, Gilbert & Whittle, Wallace E. Harrell, Lissner & Killian, William R. Killian,* for appellees.