28501. REGISTER v. KANDLBINDER et al.

SUBMITTED DECEMBER 14, 1973 — DECIDED FEBRUARY 19, 1974 — REHEARING DENIED MARCH 7, 1974.

*Joseph B. Bergen,* for appellant.

*Corish, Smith, Remler & Moore, William T. Moore, Jr.,* for appellees.

GRICE, Presiding Justice. This is an appeal from an order sustaining a motion to dismiss for lack of jurisdiction of the appellee Claudia Lott Kandlbinder (formerly Claudia Lott Register), filed in response to a petition to modify child custody brought by the appellant Robert S. Register, Jr., against her, their two minor children and his mother, in the Superior Court of Chatham County, wherein a decree as to divorce, alimony and custody had been entered.

The enumerations of error recite in substance that the trial court erred in the following particulars: (1) in refusing to grant the appellant a postponement to obtain additional evidence; (2) in not considering the appellee's motion to dismiss as a motion for summary judgment, as requested by appellant, so as to allow him

time to file evidence in opposition presenting substantial issues of fact; (3) in not allowing appellant additional time for filing said response; and (4) and (5) in setting and holding a hearing on the motion to dismiss less than 30 days after it was filed, contrary to the provisions of the Civil Practice Act.

1. These enumerations of error are clearly without merit.

(a) Numbers 1 and 3, complaining of refusal to postpone the hearing on the motion to dismiss, and not allowing additional time to respond, do not show any abuse of discretion on the part of the trial judge as is required by Code § 81-1419. On the other hand it shows lack of due diligence by the appellant in not taking steps to obtain the evidence desired sufficiently in advance of the agreed hearing date of September 28, 1973.

(b) Number 2, asserting error in not considering appellant's motion to dismiss as one for summary judgment so as to allow him to submit evidence in opposition thereto, is not borne out by the record. It shows that the parties stipulated that the motion should be treated as one for summary judgment pursuant to Sections 12 and 56 of the Civil Practice Act (Ga. L. 1966, pp. 609, 622, 660; 1967, pp. 226, 238; 1972, pp. 689, 692; Code Ann. §§ 81A-112 (b), 81A-156), and that the trial judge did so, "carefully reading the depositions [and] the affidavits attached to the original motion to dismiss . . ."

(c) Numbers 4 and 5, as to setting and holding a hearing on the appellees' motion to dismiss (summary judgment) less than 30 days after the filing of the motion contrary to Section 56 of the Civil Practice Act (Code Ann. § 81A-156 (a), supra), are not valid. The motion was filed on August 29, 1973. The record shows that the appellant agreed to and consented that the motion be rescheduled and heard on September 28, 1973. The aforesaid requirement was therefore waived.

2. The trial court properly sustained the appellees' motion to dismiss, treated as a motion for summary judgment, for lack of jurisdiction since the record shows that the appellee Claudia Lott Kandlbinder is not a resident of Chatham County and has not been legally served with process in this action.

*Judgment affirmed. All the Justices concur, except Gunter, J., who concurs in the judgment only.*