## 53648. AUERBACK v. MASLIA et al.

ARGUED APRIL 6, 1977 — DECIDED APRIL 19, 1977 — REHEARING DENIED MAY 4, 1977.

*Kaler, Karesh & Frankel, Ira L. Rachelson, Jerry L. Sims,* for appellant.

*Marvin P. Nodvin,* for appellees.

DEEN, Presiding Judge.

■ We agree with the appellees that the motion granted by the trial court was in fact a motion for judgment on the pleadings. The hearing was scheduled two days after the motion was made; in the absence of waiver this would be impermissible if the motion were one for summary judgment. *Register v. Kandlbinder,* 231 Ga. 786 (1 c) (204 SE2d 145).

■ Judgment on the pleadings may be granted only where it appears from the pleadings themselves that the person against whom judgment is sought can in no event prevail. *McClure v. Leasco Computer, Inc.,* 134 Ga. App. 871, 873 (216 SE2d 689). The pleadings must be construed in a light most favorable toward presenting a question of fact, and the burden is on the movant to show that none exists. *Ellis v. Savannah Bank &c. Co.,* 234 Ga. 355 (216 SE2d 109).

■ The petition here is not an ordinary "suit on a

note." It is an action by the two makers and all but one co-guarantor against the remaining guarantor for the entire amount of the unpaid principal balance. Normally, the maker of a promissory note who is the primary debtor thereon could not recover against a guarantor or surety thereon, whose liability does not arise until he defaults and who is therefore in this sense only secondarily liable. And, if there be several guarantors, some of whom have paid off the obligation, their right against the remaining guarantors or persons secondarily liable is only for contribution as to the proportionate share of the whole. Code § 37-303. The complaint here totally fails to indicate how the defendant guarantor could be liable to the makers of the note and the other guarantors for the entire principal sum, for which reason they are not entitled to the judgment entered against the defendant in that amount.

The plaintiffs here are relying on Code § 109A-3—307 (2) which provides, as to promissory notes: "When signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense." In the present case, however, once the signatures are admitted we have a situation where the complaint shows on its face that persons primarily liable on an instrument are seeking to recover from another who is only secondarily liable. There may well be a legal explanation for this situation, but since we are forced to construe such pleadings as appear in the record against the movants, and since they have not explained in their pleadings in what way this legal liability can arise, the pleadings do in fact fail to state a claim against the defendant, at least for more than a proportionate liability as a co-guarantor, and this sum does not appear. It was accordingly error to enter up judgment for the plaintiffs.

■ It is further contended that the judgment was proper as a default judgment under local practice rules of the Civil Court of Fulton County where this case originated. The appellate courts do not take judicial cognizance of local practice rules. *Harris v. Harris,* 228 Ga. 562 (1) (187 SE2d 139); *Wilkes v. Ricks,* 126 Ga. App. 266, 267 (190 SE2d 603).

■ Assuming, however, that these local rules are properly in the record, because read to the judge at the initial hearing by plaintiffs' attorney, rule 6 provides: "If the plaintiff shall have verified his account or claim or if the suit is an unconditional contract in writing, a written answer shall be filed setting up the defense. Such answer must be under oath. No appearance will be recognized unless accompanied by such verified answer." Rule 8 provides that if the suit is based on an unconditional contract in writing and the defense is not sworn to "it shall be the duty of the Judge of the Civil Court of Fulton County to whom application is made to enter a default judgment as if no appearance of any kind or character has been made."

Prior to the passage of the Civil Practice Act, Code § 81-405 required that no person shall, by plea or answer, be permitted to deny any note or other instrument in writing which is the foundation of the action except under oath. Former Code § 81-406 provided a method of verification of the pleading by the attorney if the defendant was a nonresident. These Code sections were repealed by the CPA (Ga. L. 1966, p. 609 et seq.; 1967, p. 226 et seq.). Answers to actions on unconditional contracts in writing now need not be verified unless the petition is verified. Code § 81-401. The complaint here was not verified. It thus appears that there is written into the structure of the Civil Practice Act, the purpose of which was to change over from issue pleadings to notice pleadings, an intention not to require verifications of defensive pleadings except where specifically stated as, for example, in Code § 24-3372 relating to equity suits, Code § 30-105 relating to divorces, etc. This view is emphasized by the further repeal of Code § 24-3356, giving the form of a judgment for plaintiff "where no issuable defense is filed on oath."

■ From the argument presented on the two hearings before the trial court it is quite clear that the judgment on the pleadings in favor of the plaintiffs was entered on the theory that the defendant, having violated two local practice rules by failing to verify his answer, had placed himself in default, resulting in the entry of judgment against him. This raises the very serious question of the

extent to which a court of record has power to prescribe rules of pleading contravening those otherwise obtaining by virtue of the Civil Practice Act. Code § 81A-183 provides: "Each court by action of a majority of the judges thereof may from time to time make and amend rules governing its practice not inconsistent with the provisions of this Title or any other statute." Code § 81A-181 specifies that "in any event, the provisions of this Title governing the sufficiency of pleadings, defenses, amendments" etc. shall apply to all proceedings. Thus local practice rules, and even local statutes referring to specific courts, may control the flow of business, the hearing of cases, etc., but may not contravene the substantive framework of the CPA. It was specifically pointed out in *Gresham v. Symmers,* 227 Ga. 616 (182 SE2d 764) that the phrase "unless otherwise provided by statute" in Code Ann. § 81A-112 (a) does not refer to local practice rules provided in the various statutes creating such courts as the Civil and Criminal Court of DeKalb County. The same is of course true of the Civil Court of Fulton County. "The legislature having declared the Civil and Criminal Court of DeKalb County to be a court of record thus automatically brought it under the provisions of the Civil Practice Act, and the legislature could not constitutionally thereafter, either in the same Act or in a subsequently enacted law, vary the rules of Practice and Procedure provided for in the Civil Practice Act by adding provisions . . . requiring defendants to file defensive pleadings sooner than 30 days after service of the complaint. . ." Id., p. 617. Neither can the Civil Court of Fulton County by rule require the defendant to verify an answer to a petition which does not otherwise need to be verified at pain of having his answer stricken and a default judgment entered against him.

The trial court erred in granting the plaintiffs a judgment on the pleadings, and thereafter in denying the motion to set it aside. It did not err in denying the defendant's motion for judgment on the pleadings.

*Judgment reversed. Webb and Marshall, JJ., concur.*