### 33768. ETHERIDGE v. ETHERIDGE.

BOWLES, Justice.

Appeal is brought to this court from an order and judgment of the Superior Court of DeKalb County, Georgia, dismissing for want of prosecution, appellant's case in that court which had been appealed from the Probate Court of DeKalb County.

The underlying facts indicate the will of Doris Etheridge was filed for probate in solemn form in the Probate Court of DeKalb County on January 24, 1977. Appellant filed a caveat to that proceeding, the matter was heard; the caveat denied; and judgment entered probating the will in solemn form on August 9, 1977. On September 8, 1977, appellant filed his appeal to the Superior Court of DeKalb County from the judgment of the probate court. The record was transmitted to the clerk of DeKalb Superior Court by the clerk of the DeKalb Probate Court on September 9, 1977.

On October 20, 1977, counsel for appellee in writing advised the Clerk of DeKalb Superior Court to enter his name as attorney of record for the executor and

propounder of the will and he also requested "this matter be scheduled for trial at the earliest available date." The record is silent as to what action was taken by the court or its clerk following that request.

On April 3, 1978, appellee filed a written motion to dismiss for complete want of prosecution of the appeal by the caveator-appellant. The trial court held a hearing on the motion in which it found that the court had completed the September, 1977 term, the November, 1977 term, the January, 1978 term and a part of the March, 1978 term without appellant requesting that the case be placed at the head of the calendar and given preference to which it was entitled under Code Ann. §§ 6-601 and 81A-140 (c). The court concluded that the appellant had taken no action of record to obtain a trial since the appeal was entered, and had not shown any good cause or excusable neglect to account for the delay. Thereupon, the court dismissed the appeal, and appellant appeals to this court from that order of dismissal.

We reverse.

Code Ann. § 6-501 provides, "An appeal to the Superior Court from a justice court, probate court, and in any other case where not otherwise provided by law, is a de novo investigation. It brings up the whole record from the court below, and all competent evidence shall be admissible on the trial thereof, whether adduced on a former trial or not; either party is entitled to be heard on the whole merits of the case."

Code Ann. § 6-601 provides, "All appeals to the Superior Court *shall be tried by a jury at the first term* after the appeal has been entered, unless good cause shall be shown for a continuance." (Emphasis supplied.)

Code Ann. § 81A-140 (c) provides, "The courts shall provide for the placing of actions upon the trial calendar (1) without request of the parties but upon notice to the parties, or (2) *Upon request of a party* and notice to the other parties. Except for cause, cases shall be placed upon the calendar in chronological order in accordance with filing dates. Precedence shall be given to actions entitled thereto by *any statute*." (Emphasis supplied.)

It appears from a reading of the above Code sections that no greater duty is placed upon counsel for appellant

to bring the case to trial than is placed upon counsel for the appellee. While it is true that appellant is the moving party as far as the appeal is concerned, once the appeal and the supporting record is docketed in the superior court, it is entitled to de novo treatment. Code Ann. § 6-501. *Hartford Acc. &c. Co. v. Cohran,* 106 Ga. App. 14, 17 (126 SE2d 289) (1962); *Jones v. Cannady,* 78 Ga. App. 453 (1) (51 SE2d 551) (1949).

When the appeal of a probate proceeding is docketed with the clerk of the superior court there is no problem with the clerk determining that it is an appeal case, and the type of action involved. It being the express command of the statute that appeal cases be tried by a jury at the first term after the appeal has been entered, it would appear the duty of the clerk to place the same upon the trial calendar for the first term after docketing. If it cannot be reached at that term, or should the court otherwise defer the matter, neither party should be penalized because it has not been reached. Counsel for neither party can control the calendars and trial of cases. Such procedures are in the hands of the court, not counsel. While it is true that under Code Ann. § 81A-140 (c) the courts may place cases on the trial calendar on notice to the parties, they must also do so upon request of a party. We find nothing in the law that places a greater burden upon one party than the other.

Counsel for the appellee in this case having requested that the case be assigned for trial at the "earliest available date," and having served notice of this request upon counsel for the appellant, it would be folly to require appellant's counsel to also file a similar demand or suffer dismissal of his case on appeal.

The trial court relied on the decisions of *Harvey v. Lissner,* 124 Ga. App. 448 (184 SE2d 184) (1971) and the subsequent decision of *Huber v. State,* 140 Ga. App. 148 (230 SE2d 105) (1976). *Harvey v. Lissner,* supra, was not an appeal filed pursuant to Code Ann. § 6-601, but was appealed to the superior court pursuant to Code Ann. § 92-6912 (Ga. L. 1969, p. 942). *Huber v. State,* supra, relied on *Harvey v. Lissner,* supra. While we do not approve all that was said in those cases, we note they are both bottomed on the theory that the public had an interest in

the result in each case. Here, there are private parties involved with private property rights and no public interest in the appeal or the results.

The trial court erred in dismissing this case without first placing it on the trial calendar and giving the parties an opportunity to try the case on its merits.

*Judgment reversed. All the Justices concur.*

SUBMITTED JUNE 30, 1978 — DECIDED SEPTEMBER 7, 1978.

*Frank M. Eldridge,* for appellant.
*Savell, Williams, Cox & Angel, Elmer L. Nash,* for appellee.