## 56278. DeKALB COUNTY BOARD OF TAX ASSESSORS v. STONE MOUNTAIN INDUSTRIAL PARK et al.

QUILLIAN, Presiding Judge.

We consider a judgment by the superior court dismissing a series of consolidated appeals from decisions rendered by the DeKalb County Board of Equalization. The judgment of the lower court was predicated on the fact that none of the consolidated cases was heard before a jury at the first term of court following the filing of the appeal.

Code Ann. § 92-6912 (6) (D) (1) (Code § 92-6912, as amended through Ga. L. 1977, pp. 1009, 1010).

The appellant contends. that the dismissal of the consolidated cases was based upon a technicality contrary to the spirit of the ruling of the Supreme Court in *Ledbetter Trucks, Inc. v. Floyd County Board of Tax Assessors,* 240 Ga. 791 (242 SE2d 596). It is also urged that there was an unwritten rule of the DeKalb Superior Court that an attorney might only have two cases for trial per term; that appellant's attorney had more than two cases and was thus unable to have the instant cases tried.

In *Harvey v. Lissner,* 124 Ga. App. 448 (184 SE2d 184) this court held that dismissal of appeals on the ground that they were not brought to trial at the first term was proper where the appellant failed to request that the appeals be placed at the head of the calendar and given the preference to which they were entitled under the law. In that opinion it was pointed out "The provision of Ga. L. 1969, p. 942, requiring the appeal from the arbitrator's decision to be heard before a jury at the first term following the filing of the appeal, concerns and affects both the public interest and the interest of the taxpayer. The public has an interest in the proper administration of the revenue laws and the solvency of its fisc, while the taxpayer is entitled to know promptly and precisely the extent of his tax liability."

Thus, dismissal will result from a failure to obtain a trial at the first term unless a reasonable excuse is shown. *Huber v. State,* 140 Ga. App. 148, 149 (230 SE2d 105). In the case sub judice, the trial judge found a lack of facts constituting "excusable delay" since the appellant filed no written motion or written request for a hearing prior to the first term of the court following the filing of the appeals. We find the trial judge did not abuse his discretion as a trier of fact in ruling as he did. Unwritten rules of the court would not prevail as against the statutory mandate. It was incumbent upon the appellant, by formal action, to endeavor to meet the statutory requirements.

*Judgment affirmed. Webb and McMurray, JJ., concur.*

ARGUED SEPTEMBER 5, 1978 — DECIDED OCTOBER 12, 1978.

*Gail C. Flake, George P. Dillard,* for appellant.
*McCurdy & Candler, George Carley,* for appellees.