### 60482. LACKEY et al. v. DeKALB COUNTY.

QUILLIAN, Presiding Judge.

In this condemnation action, the condemnee appeals the grant of condemnor's motion to dismiss an appeal from an award. In the order dismissing the appeal the trial judge found:

"It appearing to the Court that the present case i[s] an appeal by the Defendants from an award of assessors, made pursuant to the provisions of Georgia Code § 36-601, the petition to condemn property having been filed on January 27, 1975, and the award of assessors and in rem judgment of court having been filed on January 10, 1975; and,

"It further appearing to the Court that the Defendants filed their appeal from the award of assessors to the Superior Court on June 19, 1975, and that counsel for the Defendants withdrew the award of $19,500.00 from the registry of the Court on July 8, 1975, and that no further action occurred in this case until over four years later, when Defendants filed a request to have the case stipulated to the jury calendar; and,

"It further appearing to the Court that Defendants have shown no good cause for their failure to have the action tried at the first term following the filing of their action as required by law." *Held:*

1. We are presented with this question: Does the language of Code Ann. § 36-601 (Code § 36-601: as amended Ga. L. 1967, p. 143) which provides, concerning an appeal from a condemnation award, that "at the term succeeding the filing of the appeal, it shall be the duty of the judge to cause an issue to be made and tried by a jury" place a burden upon the appellant to have the action tried at the first term or to suffer dismissal of the appeal?

In cases involving somewhat similar statutory provision this court has dismissed appeals on the ground that there was a failure by appellant to obtain a trial at the first term. See *Harvey v. Lissner,* 124 Ga. App. 448 (184 SE2d 184) and *Tax Assessors v. Stone Mtn. Industrial Park,* 147 Ga. App. 503 (249 SE2d 318) both of which construed Code Ann. § 92-6912 (Code 92-6912; as amended through Ga. L. 1977, pp. 1009, 1010) [now Code Ann. § 91A-1449, Ga. L. 1978; as amended through Ga. L. 1980, pp. 1722, 1723] and *Huber v. State,* 140 Ga. App. 148 (230 SE2d 105) which construed Code § 6-601. These cases were predicated on the factor that, as stated in *Harvey v. Lissner,* 124 Ga. App. 448 (2), supra: "The provision of Ga. L. 1969, p. 942, requiring the appeal from the arbitrator's decision to be heard

before a jury at the first term following the filing of the appeal, concerns and affects both the public interest and the interest of the taxpayer. The public has an interest in the proper administration of the revenue laws and the solvency of its fisc, while the taxpayer is entitled to know promptly and precisely the extent of his tax liability."

In *Etheridge v. Etheridge,* 242 Ga. 101 (249 SE2d 569) the Supreme Court in its consideration of Code § 6-601 found "that no greater duty is placed upon counsel for appellant to bring the case to trial than is placed upon counsel for the appellee." The court further pointed out: "When the appeal of a probate proceeding is docketed with the clerk of the superior court there is no problem with the clerk determining that it is an appeal case, and the type of action involved. It being the express command of the statute that appeal cases be tried by a jury at the first term after the appeal has been entered, it would appear the duty of the clerk to place the same upon the trial calendar for the first term after docketing. If it cannot be reached at that term, or should the court otherwise defer the matter, neither party should be penalized because it has not been reached. Counsel for neither party can control the calendars and trial of cases. Such procedures are in the hands of the court, not counsel." The cited Court of Appeals cases were not approved although it was recognized that they were bottomed on the theory that public interest was involved while the case before the Supreme Court concerned only private parties and private property rights.

It should be observed that the statutes considered in those cases provided for the appeal to be heard before or tried by a jury at the first term following the filing of the appeal. In the case sub judice the statute clearly provides that it shall be the duty of the judge to cause an issue to be made. Although this is a condemnation proceeding and may be involved with "the public interest," the clear import of the Supreme Court decision impels us to the result that no burden is imposed on either party by the statute to insure that the case is timely tried.

2. It is argued by the condemnor that the trial judge is without authority to compel a timely hearing because of Rule 7 (2) (d) of DeKalb Superior Court. This rule was cited to us by brief and is not contained in the record. This court may not take judicial notice of local practice rules. *Allstate Ins. Co. v. Reynolds,* 138 Ga. App. 582, 587 (6) (227 SE2d 77): *Auerback v. Maslia,* 142 Ga. App. 184, 186 (4) (235 SE2d 594).

Even if this were not true, the rule in question would not control here. Rule 7 (2) (d) states: "Cases shall be placed on the calendar only by stipulation on behalf of one of the parties thereto and no cases may

be stipulated to the active list until thirty days after the last day upon which defensive pleadings can be filed." It is contended that this conforms to Code Ann. § 81A-140 (c) (2) (Ga. L. 1966, pp. 609, 653; as amended through Ga. L. 1976, p. 1677) which reads: "The courts shall provide for the placing of actions upon the trial calendar . . . upon request of a party and notice to the other parties."

Nevertheless, Code Ann. § 81A-140 (1) also provides: "The courts shall provide for the placing of actions upon the trial calendar . . . *without request of the parties* . . ." (Emphasis supplied.) Furthermore, under that section: "Precedence shall be given to actions entitled thereto by any statute." This portion of the Civil Practice Act recognizes the need to implement the disposition of and give precedence to special statutory requirements and grants the trial judge authority to accomplish this.

Since Code Ann. § 36-601 places the duty to bring the issue to trial squarely upon the judge, the local court rule must yield to the statutory command. *Auerback v. Maslia,* 142 Ga. App. 184 (6), supra.

It was error to dismiss the appeal.

*Judgment reversed. Shulman and Carley, JJ., concur.*

ARGUED SEPTEMBER 16, 1980 — DECIDED NOVEMBER 3, 1980.

*Mary Jo Workman, Warren O. Wheeler,* for appellants.
*Gail C. Flake,* for appellee.