63703. HERSHEY et al. v. KAVKEWITZ et al.

DEEN, Presiding Judge.

1. Barbara Hershey, as a tenant of rented property, sued Kavkewitz, her landlord, in the State Court of Fulton County for a sum just under $300, thus putting jurisdiction in the Small Claims Division of that court. The defendant answered and countersued for

rent, and thereafter on September 25, 1981, amended his counterclaim to add another $250 to the amount sought. Meanwhile, a judgment had been entered in favor of the plaintiff which was vacated on July 14 by the trial court because, as recited in the order it appeared "that the above styled case was inadvertently placed on the trial calendar while a counterclaim was in the process of being served."

A nonjury trial was held in November and judgment entered granting both the complaint and the counterclaim. The plaintiff appealed. The defendant moved to dismiss on the ground that the notice of appeal filed in December 1981, was more than 30 days after the judgment. The record shows, however, that the notice of appeal is from the second judgment, the first one having been vacated by the court and was well within the 30-day period. The motion is accordingly denied.

2. Whether or not it was proper to vacate the first judgment and, if so, whether this was timely done, is something that cannot be determined by this record. It is controlled by the local rules of the State Court of Fulton County creating the Small Claims Division of that court and not by the provisions of the Civil Practice Act. Neither the court rules nor the evidence, if any, are included in the record. "This court may not take judicial notice of local practice rules. *Allstate Ins. Co. v. Reynolds,* 138 Ga. App. 582, 587 (6) (227 SE2d 77); *Auerback v. Maslia,* 142 Ga. App. 184, 186 (4) (235 SE2d 594)." *Lackey v. DeKalb County,* 156 Ga. App. 309 (2) (274 SE2d 705) (1980).

3. This leaves for decision only the propriety of the final judgment finding for each of the parties in a named amount. Since there is no transcript we must assume that the judgment entered by the court was correct.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED MARCH 19, 1982 —
REHEARING DENIED MARCH 31, 1982.

*Joseph H. King, Jr.,* for appellants.
Michael Kavkewitz, *pro se.*