### 71504. HALDI v. DeKALB COUNTY BOARD OF TAX ASSESSORS.
(344 SE2d 236)

BEASLEY, Judge.

This is an appeal from the dismissal of an ad valorem tax appeal to the superior court.

In January 1982, the DeKalb County Board of Tax Assessors notified Haldi of a change of assessment in her ad valorem tax for 1982. On February 7, Haldi mailed a letter to the board. She appealed "because of the unfair assessment."

An assessment hearing was set for July 2 and Haldi was sent no-

tice of the date but failed to appear. The board of equalization made no change in the assessment. In August Haldi filed with that board a notice of appeal: "Please accept this as my notice of appeal with regard to 1982 Tax Year Assessment." The matter was certified to the superior court.

The county then filed a motion to dismiss on the grounds that Haldi's notice of appeal did not state a proper ground of appeal pursuant to Code Ann. § 91A-1449 (now OCGA § 48-5-311 (f) (2)), that the issues raised in Haldi's notice of appeal were neither presented to nor decided by the board of tax assessors or the board of equalization and could not be the subject of the appeal, and that Haldi had failed to pay taxes on the subject property pursuant to Code Ann. § 91A-1029 (now OCGA § 48-5-29 (a)).

The case was set for hearing in November and when Haldi failed to timely appear, the board of tax assessors moved to dismiss the action for want of prosecution. At Haldi's request, the case was reinstated. She took no further action until late July 1984, when her counsel requested that the case be set for trial. In June 1985, the board filed an amendment to its motion to dismiss substituting as grounds for dismissal that Haldi had "failed to obtain trial of the case at the first term following filing of the appeal as required by O.C.G.A. § 48-5-311 (f) (4)" and that Haldi had "failed to specify the grounds for her appeal to the Board of Equalization or to [the Superior] Court as required by O.C.G.A. § 48-5-311 (e) and (f)."

After hearing, the court granted the board's amended motion stating that Haldi had shown no reasonable excuse for her failure to bring the matter to a speedy resolution, that she had filed no written motion or written request for a hearing in compliance with OCGA § 48-5-311 (f) (4) (A), and that the record was void of any facts which could constitute an " 'excusable delay,' " citing *DeKalb County Bd. of Tax Assessors v. Stone Mountain Industrial Park*, 147 Ga. App. 503 (249 SE2d 318) (1978).

On appeal, Haldi argues the alternate theories that 1) the decision in *Stone Mountain Industrial Park* has been impliedly overruled or modified; 2) that if it has not been overruled or modified, it should be; 3) that there are factual circumstances which would take her case outside the ruling of that case.

In the case which is the center of attention here, this court considered the dismissal by the superior court of a series of consolidated appeals from decisions by the DeKalb County Board of Equalization, the dismissals having been based upon the fact that none of the cases was tried at the first term of court following the filing of the appeal to the superior court. We held that dismissal will result from a failure to obtain a trial at the first term unless a reasonable excuse is shown, citing former Code Ann. § 92-6912 (6) (D) (1) (Code § 92-6912, as

amended through Ga. L. 1977, pp. 1009, 1010).

Haldi's notice of appeal in August 1982 was subject to Code Ann. § 91A-1449 (f) (4) (A), then in effect:[1] "The appeal shall be heard before a jury at the first term following the filing of the appeal. If only questions of law are presented in the appeal, the appeal shall be heard before the court sitting without a jury as soon as practicable. Each hearing before the court sitting without a jury shall be held within 40 days following the date on which the appeal is filed with the clerk of the superior court."

1. Appellant contends that the holding in *Stone Mountain Industrial Park* has been overruled by this court's subsequent decision in *Lackey v. DeKalb County*, 156 Ga. App. 309 (274 SE2d 705) (1980)[2] and by the Supreme Court's decision in *Etheridge v. Etheridge*, 242 Ga. 101 (249 SE2d 569) (1978).

In *Lackey*, the first question was whether the language of Code Ann. § 36-601 (Code § 36-601, as amended Ga. L. 1967, p. 143) which provided, "concerning an appeal from a condemnation award, that 'at the term succeeding the filing of the appeal, it shall be the duty of the judge to cause an issue to be made and tried by a jury' " placed a burden upon the appellant to have the action tried at the first term or to "suffer dismissal of the appeal." The court expressly noted that *Stone Mountain Industrial Park*, along with the case of *Harvey v. Lissner*, 124 Ga. App. 448 (184 SE2d 184) (1971), construed former Code Ann. § 92-6912 (Code § 92-6912, as amended through Ga. L. 1977, pp. 1009, 1010; subsequently, Code Ann. § 91A-1449, Ga. L. 1978, as amended through Ga. L. 1980, pp. 1722, 1723) and "were predicated on the factor that, as stated in *Harvey v. Lissner*, 124 Ga. App. 448 (2), supra: 'The provision of Ga. L. 1969, p. 942, requiring the appeal from the arbitrator's decision to be heard before a jury at the first term following the filing of the appeal, concerns and affects both the public interest and the interest of the taxpayer. The public has an interest in the proper administration of the revenue laws and the solvency of its fisc, while the taxpayer is entitled to know promptly and precisely the extent of his tax liability.' " *Lackey*, supra at 309, 310 (1). The court's ultimate determination in *Lackey*, that no burden was imposed on either party by the statutory language of Code Ann. § 36-601 to insure that an appeal from a condemnation award is timely tried, was premised in part upon the discussed clear

---

[1] Code Ann. § 91A-1449 (f) (4) (A) succeeded former Code Ann. § 92-6912 (6) (D) (1) construed in *Stone Mountain Industrial Park*, supra. The portions of both statutes which are relevant in the present case are substantively indistinguishable; present OCGA § 48-5-311 (f) (4) (A) in pertinent part is likewise, in meaning, unaltered.

[2] And *Nodvin v. DeKalb County*, 158 Ga. App. 819 (282 SE2d 410) (1981), which followed it.

differences between the language of the tax appeal statute and that of the condemnation award appeal statute, which put the burden on the judge. In no manner can it be construed to have expressly or impliedly overruled the holding in *Stone Mountain Industrial Park.*

As to *Etheridge,* it was decided approximately one month prior to *Stone Mountain Industrial Park,* therefore we consider whether the two holdings are inconsistent with each other.

The Supreme Court's ruling in *Etheridge v. Etheridge,* supra, which reversed the dismissal of an appeal from a probate matter, did not alter the duty of an appellant in a tax appeal to meet the statutory requirements of such an appeal, including the time frame for securing trial. *Etheridge* holds that in an appeal to the superior court from a probate proceeding, there is no greater duty placed upon counsel for the appellant to bring the case to trial than is placed upon counsel for the appellee. The decision involved the court's construction of three statutory provisions, Code Ann. §§ 6-501; 6-601; 81A-140 (c), none of which are involved here. The court expressly noted that the trial court had relied on the decision in *Harvey v. Lissner,* supra, and the subsequent decision in *Huber v. State,* 140 Ga. App. 148 (230 SE2d 105) (1976) which relied on *Harvey,* and that both of those cases were distinguishable because "bottomed on the theory that the public had an interest in the result in each case," while in *Etheridge* there were private parties involved with private property rights and there was no public interest in the appeal or the results. *Stone Mountain* cannot be said to be inconsistent with the decision in *Etheridge* by the Supreme Court one month earlier because the Supreme Court in *Etheridge* not only pointed out the justification making tax appeal cases different but used the distinction as part of the reasoning for its holding.

2. Is the rationale and holding of *Stone Mountain Industrial Park* still viable or, as appellant asserts, does this decision in light of *Lackey* and *Etheridge* stand for "contrary and contradictory results" such that "a new decision needs to be enunciated making the law consistent and evenly applied to all litigants," i.e., should the holding in *Stone Mountain Industrial Park* be disapproved or overruled?

As discussed in Division 1, the cases cited by appellant neither expressly nor impliedly overrule or modify *Stone Mountain Industrial Park* nor conflict with it. They either construe other statutes not at issue in the present case or highlight policy considerations of the public interest versus private interests, which adversely affect appellant's argument in this regard. Appellant has provided us with no meritorious reason for judicially obliterating the distinction in tax appeal cases as discussed in *Stone Mountain Industrial Park* and as relied upon in dismissing the appeal in this case. Nor does this court discern any need for disavowing its holding.

In fact, there are compelling reasons of public policy to require the appealing party in a tax appeal to the superior court to make a timely request for resolution of the tax dispute as mandated by the statutory language. As the appellee board of tax assessors accurately points out, it is required to assess parcels or units of real and personal property in its jurisdiction as of January 1 every year (OCGA §§ 48-5-7; 48-5-10; 48-5-24; 48-5-306), and likewise every year the taxpayer may challenge the assessment and potentially receive a jury trial on appeal to the superior court (OCGA § 48-5-311). We agree, then, that it is imperative that these appeals be heard promptly so that the governing authority can rely on the revenue collected based on the values established for taxable property for each year. In contrast to condemnation or probate matters (see *Lackey v. DeKalb County* and *Etheridge v. Etheridge*, supra) where the issue in the appeal is in general in need of one-time resolution, the question of tax assessment occurs annually and is inextricably bound up with the public interest. Moreover, questions of property value for the yearly assessment in issue would be difficult if not impossible for a jury to determine if a substantial period of time was permitted to elapse between the time of the assessment and the trial. Multiple appeals involving the same property could accumulate. Refunds for years long since past would have to be paid from current taxes.

The legislative requirement of expeditious action by the appellant in matters of tax appeal to the superior court was recognized in *Stone Mountain Industrial Park* and as we have noted is grounded in significant public policy considerations. The requirement is not inflexible; the appealing party may show a "reasonable excuse" or "excusable delay" (see *Stone Mountain Industrial Park*, supra at 504).

3. Haldi contends that the particular facts of this case take it outside the requirement of the tax appeal statute as interpreted by *Stone Mountain Industrial Park*.

Appellant argues that the pendency of the board's initial motion to dismiss, which she asserts is yet unresolved, prevented an earlier trial. The record does not support this. To begin with, the motion is far from being unresolved. As we have already related, the board completely amended its initial motion to dismiss and substituted other grounds which were ruled upon by the trial court in the order which is the basis of the present appeal. Moreover, the record evidences that the appeal and the initial motion were set for earlier hearing but Haldi failed to timely appear.

Contrary to appellant's assertion here, the facts of this case, rather than shield it from the statutory requirement, place it squarely within its necessity. Here, the trial court, as did the trial court in *Stone Mountain Industrial Park*, found a lack of facts which would constitute " 'excusable delay' " on the part of appellant and the rec-

ord before us supports such a finding by the lower court.

4. In addition, appellant raises the effect on this case and other tax appeal cases of Rule 8.1 of the new Uniform Superior Court Rules. Inasmuch as it does not appear that Haldi raised the issue before the trial court, it presents nothing for us to decide. See, e.g., *Chambers v. Dept. of Transportation*, 172 Ga. App. 197 (2) (322 SE2d 366) (1984).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED FEBRUARY 27, 1986 —
REHEARING DENIED APRIL 2, 1986 —

*Glenville Haldi, Charles G. Haldi, Jr.*, for appellant.
*Albert Sidney Johnson, Wade H. Watson III*, for appellee.