A91A2059. SPENCER v. LAMAR COUNTY BOARD OF TAX ASSESSORS.

(415 SE2d 332)

BEASLEY, Judge.

Spencer appeals the dismissal of an appeal to the superior court from a decision of the county board of equalization.

In September 1990, Spencer notified the board that he was appealing the tax assessments of tracts of land identified in the Tax Digest of Lamar County as "parcels 083-001, 066-005, 066-003, being in and around the Sugar Hill Farms area." The first two tracts are owned by Spencer individually, and tract 66-003 is owned by Sugar Hill Farms, Inc., of which Spencer is president and majority shareholder. The board upheld the valuations of tracts 83-001 and 66-003. Spencer appealed to the Lamar Superior Court. The notice of appeal was filed in superior court on January 2, 1991, and numbered 91-B-2.

Later that month, Spencer's attorney's law firm was retained as county counsel, resulting in the withdrawal from the case of the attorneys on both sides. The board's present counsel filed an entry of appearance on February 11.

Spencer's present counsel filed their entry of appearance on March 7, along with a demand that Case No. 91-B-2 be placed upon the civil trial calendar for the first term of court following the date of filing of the appeal, as required by OCGA § 48-5-311 (f) (4) (A). Following the filing of Spencer's notice of appeal on January 2, the first term for civil jury cases began on Monday, March 4. See OCGA § 15-6-3 (18).

On March 22, Spencer filed a motion for a continuance on grounds that he had been out of the country for much of February, which, combined with counsel's withdrawal from the case, had resulted in the failure to file a timely trial demand. Pursuant to OCGA § 9-11-17 (a), he also filed a motion to add Sugar Hill Farms, Inc., as

the real party in interest in the appeal involving its tract.

The board moved to dismiss the appeal as to Sugar Hill's tract because a timely notice of appeal was not filed by the true owner and to dismiss the entire appeal for failure to timely file it.

The court held that it did not and could not acquire jurisdiction over the appeal involving Sugar Hill's tract because it had not been made a party to the appeal within the 30-day period for filing a notice of appeal, and the notice of appeal as filed did not state that Spencer was acting in a representative capacity. For these reasons, the court denied Spencer's motions, granted the board's motion, and dismissed the entire appeal.

1. The court erred in denying Spencer's motion to add Sugar Hill as a party appellant pursuant to OCGA § 9-11-17 (a), which provides: "No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest." See *Small Business Administration v. Desai*, 193 Ga. App. 852, 853 (1) (389 SE2d 372) (1989).

The initial question is whether OCGA § 9-11-17 (a) applies in an appeal from the board of equalization to superior court under OCGA § 48-5-311 (f).

Such an appeal is "a de novo action," OCGA § 48-5-311 (f) (3), although the requisites for prosecuting an appeal and filing a complaint under OCGA § 9-11-8 are different. *Rogers v. DeKalb County Bd. of Tax Assessors*, 247 Ga. 726 (1) (279 SE2d 223) (1981). An appeal from the board of equalization to superior court is a "special statutory proceeding." Ibid. The CPA "shall apply to all special statutory proceedings except to the extent that specific rules of practice and procedure in conflict herewith are expressly prescribed by law; but, in any event, the provisions of [the CPA] governing . . . joinder of parties and causes, making parties . . . shall apply to all such proceedings." OCGA § 9-11-81. See *Desai*, supra. Thus, OCGA § 9-11-17 (a) applies to special statutory proceedings, since OCGA § 9-11-17 (a) is a provision of the CPA governing "joinder of parties." There is no conflict between OCGA § 9-11-17 (a) and the provisions of OCGA § 48-5-311 (f). See *Mundy v. Clayton County Tax Assessors*, 146 Ga. App. 473, 474 (3) (246 SE2d 479) (1978).

The next question is whether the failure of the notice of appeal to name Sugar Hill as a party, or to denote that Spencer was acting in a representative capacity, was a defect of such magnitude as to have rendered the notice of appeal a nullity and prevented the superior court from acquiring jurisdiction. Spencer did act as Sugar Hill's

agent in representing it in contesting the assessment of tract 66-003 in the administrative proceedings, and no one complained. As such, he filed timely notice that the board's ruling with respect to tract 66-003 was being appealed. See OCGA § 48-5-311 (f) (2). Compare *Barland Co. v. Bartow County Bd. of Tax Assessors*, 172 Ga. App. 61 (322 SE2d 316) (1984). Still no one objected.

The court should have allowed Spencer to amend this defect by adding Sugar Hill Farms, Inc. as a party, as authorized by OCGA § 9-11-17 (a). He initiated the correction of the defect, not "after objection." He had represented the corporation in the proceedings as agent up to that point. The focus of the dispute was the property, the res, not who the taxpayer was. *Mundy*, supra, is supportive. It holds that a notice of appeal which fails to specifically state the grounds of appeal, as required by OCGA § 48-5-311 (f) (2), can be amended prior to judgment to perfect the appeal, as authorized by OCGA § 5-6-48 (b).

2. It was error to fail to consider Spencer's motion for continuance on its merits.

OCGA § 48-5-311 (f) (4) (A)'s requirement that the appeal be heard before a jury at the first term following the filing of the appeal " ' "concerns and affects both the public interest and the interest of the taxpayer. The public has an interest in the proper administration of the revenue laws and the solvency of its fisc, while the taxpayer is entitled to know promptly and precisely the extent of his tax liability." ' " *Haldi v. DeKalb County Bd. of Tax Assessors*, 178 Ga. App. 521, 523 (1) (344 SE2d 236) (1986); *DeKalb County Board of Tax Assessors v. Stone Mountain Ind. Park*, 147 Ga. App. 503, 504 (249 SE2d 318) (1978). Those cases recognize that the burden is on the appealing party to have the action tried at the first term, but also that a failure will not work if "reasonable excuse" or "excusable delay" is shown. Whether that has been shown addresses itself to the discretion of the trier of fact.

The superior court had discretion in the matter but erroneously concluded that it did not. Consequently, the judgment is reversed with direction that the court rehear the motion and pass upon its merits. *Harrington v. Frye*, 116 Ga. App. 755, 756 (159 SE2d 84) (1967).

*Judgment reversed and case remanded with direction. Carley, P. J., and Judge Arnold Shulman concur.*

DECIDED FEBRUARY 10, 1992.

*Mullins & Whalen, Andrew J. Whalen III, Newton M. Galloway,* for appellant.
*George, Trammell & Bartles, William P. Bartles,* for appellee.