A04A1923. GLYNN COUNTY BOARD OF TAX ASSESSORS
v. PAULDING et al.
(608 SE2d 317)

JOHNSON, Presiding Judge.

The Glynn County Board of Tax Assessors (the "Board") appeals from the respective judgments, identical except as to value, entered in connection with appeals to the superior court by 16 taxpayers (the "Taxpayers") from the Board of Equalization's ad valorem tax assessment of their properties for 1999. The Board contends that the trial court erred in denying its motion to dismiss because the Taxpayers failed to request trial of their cases at the first term of the superior court following the filing of their respective appeals. For reasons which follow, we disagree and affirm.

In April, May, and June 2000, the Taxpayers, whose properties are all located in the Devonwood subdivision on St. Simons Island, separately appealed to the superior court from the Board of Equalization's 1999 property tax assessment. The Board certified each appeal, and on each certification noted, "The clerk is required to assign this case for trial at the first term following the filing of this appeal pursuant to OCGA Section 48-5-311 (g) (4) (A)." The 16 cases were assigned to one judge on November 24, 2000. The Taxpayers were represented by the same counsel.

On January 24, 2002, the Board filed a confession of judgment as to each appeal, placing the valuation for the respective properties at the 1998 assessment value, or in two cases, greater than the 1998 valuation but less than the initial 1999 valuation. On April 1, 2003, through a letter from their attorney to the trial court, the Taxpayers requested a hearing on the issues of uniformity and attorney fees. The Board stated its opposition to proceeding to trial in a reply letter from its counsel, and on June 13, 2003, filed a motion to dismiss the Taxpayers' appeals. The trial court held a hearing on the motion to dismiss on December 5, 2003, and by its order of January 12, 2004, the trial court denied the motion.[1] On March 1, 2004, the trial court entered an order in each case setting the 1999 fair market value for tax purposes consistent with the confession of judgment.

The Board contends the trial court erred in denying its motion to dismiss because the Taxpayers failed to request trial of their cases at the first term following the filing of their appeal to the superior court. OCGA § 48-5-311 (g) (4) (A) provides, in pertinent part, "The appeal shall be heard before a jury at the first term following the filing of the appeal unless continued by the court upon a showing of good cause." It is undisputed that the respective appeals from the valuation of the Board of Equalization were not tried at the first term of the superior court following their filing, nor did the Taxpayers request their cases be tried during such term of court.

In *DeKalb County Bd. of Tax Assessors v. Stone Mountain Industrial Park*,[2] we concluded, in affirming the trial court's dismissal of the ad valorem taxpayers' appeals to the superior court, that

> dismissal of appeals on the ground that they were not brought to trial at the first term [is] proper where the appellant fail[s] to request that the appeals be placed at the head of the calendar and given the preference to which they [are] entitled under the law. . . . The provision . . . requiring the appeal from the arbitrator's decision to be heard before a jury at the first term following the filing of the appeal, concerns and affects both the public interest and the interest of the taxpayer. The public has an interest in the proper administration of the revenue laws and the solvency of its fisc, while the taxpayer is entitled to know promptly and precisely the extent of his tax liability.[3]

---

[1] The motion to dismiss concerned appeals to the superior court filed by 17 taxpayers, including Kenneth and Elizabeth Enney, who are not parties to this appeal.

[2] 147 Ga. App. 503 (249 SE2d 318) (1978).

[3] (Citations and punctuation omitted.) Id. at 504.

Accordingly, "dismissal will result from a failure to obtain a trial at the first term unless a reasonable excuse is shown."[4] Whether such excuse is shown is within the discretion of the trial court.[5] Accordingly, the issue becomes whether the trial court abused its discretion in finding the Taxpayers had a "reasonable excuse" or "excusable delay"[6] for failing to obtain trial at the first term of the superior court following the filing of their appeals.

The trial court concluded that excusable delay was shown because, among other things,

> the [Board] certified these appeals to the Superior Court notifying the Clerk of the Court that she was required to assign these appeals for trial at the first term following the filing of the appeals pursuant to OCGA § 48-5-311 (g), [and] any requirement that the plaintiffs must also make demand for trial at the first term is clearly redundant and therefore unnecessary.

The Board contends that the trial court could not rely on the Board's notification to the clerk of the court because request for trial should have been made by the Taxpayers, and because it is the judge and not the clerk that has the responsibility to schedule cases for trial.[7] However, we find the trial court was authorized to consider the Board's notification to the clerk in light of *Etheridge v. Etheridge*.[8] In that case, our Supreme Court reversed the trial court's dismissal of an appeal from the probate court for lack of prosecution. The statute at issue, OCGA § 5-3-30, then provided in relevant part: "All appeals to the Superior Court shall be tried by a jury at the first term after the appeal has been entered, unless good cause shall be shown for a continuance."[9] This requirement is functionally the same as found in OCGA § 48-5-311 (g) (4) (A). Among the facts noted by the Supreme Court were that

> counsel for appellee in writing advised the Clerk of DeKalb Superior Court to enter his name as attorney of record . . .

---

[4] Id.

[5] Id. Accord *Pine Pointe Housing v. Lowndes County Bd. of Tax Assessors*, 254 Ga. App. 197, 203 (3) (561 SE2d 860) (2002).

[6] See *Spencer v. Lamar County Bd. of Tax Assessors*, 202 Ga. App. 742, 744 (2) (415 SE2d 332) (1992).

[7] See Uniform Superior Court Rule 8.1.

[8] 242 Ga. 101 (249 SE2d 569) (1978).

[9] The 1988 amendment, effective July 1, 1988, substituted the present provisions of the Code section, which provides, in part, that "the appeal shall be placed upon the court's next calendar for nonjury trial." OCGA § 5-3-30 (a).

and he also requested "this matter be scheduled for trial at the earliest available date." The record is silent as to what action was taken by the court or its clerk following that request.[10]

The Court subsequently wrote:

It being the express command of the statute that appeal cases be tried by a jury at the first term after the appeal has been entered, it would appear the duty of the clerk to place the same upon the trial calendar for the first term after docketing. If it cannot be reached at that term, or should the court otherwise defer the matter, neither party should be penalized because it has not been reached. . . .

Counsel for the appellee in this case having requested that the case be assigned for trial at the "earliest available date," and having served notice of this request upon counsel for the appellant, it would be folly to require appellant's counsel to also file a similar demand or suffer dismissal of his case on appeal.[11]

We realize there is a distinction between the appeal from the probate matter considered in *Etheridge* and the ad valorem tax appeal considered here. Notably, in *Haldi v. DeKalb County Bd. of Tax Assessors*,[12] we considered whether the holding of *Stone Mountain Industrial Park* placing the burden on the appealing party to ensure a trial during the first term following an ad valorem tax appeal had been disapproved by our Supreme Court in *Etheridge*. We concluded the appellant's burden in tax appeal cases had not changed, noting that the probate dispute in *Etheridge* involved private interests,[13] while the public interest required an early resolution of ad valorem tax appeals.[14] Nevertheless, we believe *Etheridge* remains applicable here insofar as its finding that where one party requests an early trial of an appeal to the superior court it would be folly to require the other party to file a similar request, even though the Taxpayers retained the primary responsibility for ensuring a timely trial.

The Board argues that a request for trial should be made to the judge, and not the clerk, in view of the judge's power to control the

---

[10] *Etheridge*, supra, 242 Ga. at 101-102.
[11] Id. at 103.
[12] 178 Ga. App. 521 (344 SE2d 236) (1986).
[13] Id. at 524 (1).
[14] Id. at 524-525 (2).

scheduling of trials assigned to the judge, and therefore the Board's notification to the clerk had no practical effect. However, the Supreme Court in *Etheridge* recognized the appellee's counsel's request to the clerk for an early trial date and incorporated the request into the Court's analysis, and it follows that such a request cannot be said to have no effect, at least in considering whether a party has failed to prosecute an appeal to the superior court. We conclude that the trial court was authorized to find, as it did, that any request by the Taxpayers for a trial at the first term following their appeal would be redundant and unnecessary in view of the Board's notice to the clerk. Accordingly, the trial court did not abuse its discretion in finding the Taxpayers showed a reasonable excuse for not securing a trial during the first term of the superior court after filing of their appeals. The trial court did not err in denying the Board's motion to dismiss.[15]

*Judgment affirmed. Smith, C. J., and Phipps, J., concur.*

DECIDED DECEMBER 10, 2004.

*Gary Moore, Gerard D. Hegstrom, Aaron W. Mumford*, for appellant.

*Douglas W. Alexander*, for appellees.

---

[15] The Taxpayers ask us to impose sanctions for a frivolous appeal; however, the Board's appeal was not frivolous, and the Taxpayers' request is denied.