ELLINGTON, Judge.
These consolidated appeals had their origins in the applications of 20 taxpayers for conservation use assessments or other exemptions of their properties. When the Jasper County Board of Tax Assessors ("the Tax Board") denied the applications, the taxpayers appealed to the county board of equalization, which reversed. The Tax Board then appealed the cases to the superior court with the request that it hear the cases "as soon as practicable" for a nonjury De novo hearing pursuant to OCGA § 48-5-311(g)(4)(A). When the trial court failed to conduct a nonjury hearing within 40 days, as required by that Code section, the taxpayers brought motions to dismiss, which the trial court granted. The Tax Board now asserts that the trial court erred when it granted the motions to dismiss. We agree and reverse.
1. The Tax Board contends that the superior court lacked the authority to dismiss its appeals on the sole ground that a nonjury hearing was not held within 40 days of its notices of appeal. We agree.
The Tax Board's notices of appeal to the superior court requested that each appeal "be heard as soon as practicable before the Court sitting" without a jury." The Tax Board's certifications of the notices [1] **39 elaborated that "[a]s only questions of law are presented in this appeal, the Clerk is required to assign this case for hearing as soon as practicable before the Court sitting without a jury pursuant to OCGA § 48-5-311(g)(4)(A)."[2] That subparagraph provides in part that an appeal to the superior court from a decision of a county board of equalization
shall be heard before a jury at, the first term following the filing of the appeal unless continued by the court upon a showing of good cause. If only questions of law are presented in the appeal, the appeal shall be heard as soon as practicable before the court sitting without a jury. Each hearing before the court sitting without a jury shall be held within 40 days following the date on which the appeal is filed with the clerk of the superior court.
(Emphasis supplied.)
The Supreme Court of Georgia has established a framework for construing procedural requirements such as the 40-day time period at issue here:
[L]anguage contained in a statute which, given its ordinary meaning, commands the doing of a thing within a certain time, when not accompanied by any negative words restraining the doing of the thing afterward, will generally be construed as merely directory and not as a limitation of authority, and this is especially so where no injury appeared to have resulted from the fact that the thing was done after the time limited by the plain wording of the [statute].
(Citations omitted.) Barton v. Atkinson, 228 Ga. 733, 739(1), 187. S.E.2d 835 (1972). In Barton, the Supreme Court of Georgia held that a statutory command that reports of *190 county boards of health and education "shall be read at each public hearing" did not authorize a trial court to set aside rezoning "on account of its denial." Id. at 737, 742(1), 187 S.E.2d 835. Following Barton, this Court has construed other deadlines in OCGA § 48-5-311 as directory rather than mandatory. See Moreton **40 Rolleston, Jr. Living Trust v. Glynn Cty. Bd. of Tax Assessors, 240 Ga.App. 405, 406-407(1), 523 S.E.2d 600 (1999) (provisions that tax board "shall" make determination and notify taxpayer within 180 days and that board of equalization "shall" hold hearing within 30 days were directory rather than mandatory).
The taxpayers argue that the Tax Board's failure to take action to obtain a hearing within 40 days of the filing of its appeals, such as by including the 40-day deadlipe in either their notices of appeal or their certifications of those notices, or moving for an expedited hearing after those filings, should result in dismissal. We disagree.
First, OCGA § 48-5-311(g) does not require any specific procedural content for the notice of appeal to the superior court; instead, it provides only that the party initiating the appeal "specifically state the grounds" therefor (subparagraph (g)(2)). Second, OCGA § 48-5-311(g) does not lay out any penalty or consequence arising from a superior court's failure to conduct a nonjury trial on an appeal within 40 days. See Barton, 228 Ga. at 739(1), 187 S.E.2d 835 (absence of "negative words" restraining an act suggests that statutory command is merely directory); Etheridge v. Etheridge, 242 Ga. 101, 103, 249 S.E.2d 569 (1978) (where clerk of the trial court fails to calendar jury trial of appeal to the superior court for first term after docketing despite statutory command to do so, "neither party should be penalized"). Third, the requirement that nonjury appeals be held within 40 days comes immediately after the direction that such appeals "shall be heard as soon as pratticable"- a qualification of that requirement,' and an acknowledgment of practical con cerns, that distinguishes this case from those involving jury trials, since the statute contains no such qualification on the latter subject. See, e.g., Glynn County Bd. of Tax Assessors v. Paulding, 270 Ga.App. 851, 852-855, 608 S.E.2d 317 (2004) (affirming denial of tax board's motion to dismiss where certifications indicated that the superior court clerk was required to schedule trial for the term after taxpayers filed their appeal); compare Haldi v. DeKalb Cty. Bd. of Tax Assessors, 178 Ga.App. 521, 344 S.E.2d 236 (1986) (affirming dismissal of taxpayer's appeal for failure to hold jury trial at first term after docketing when taxpayer had failed to appear and had made no showing of excusable neglect).
Finally, the taxpayers have not attempted to show that they would be prejudiced by a hearing taking place after the prescribed period, and "the policy of the law is in favor of deciding tax appeals on the merits, even at the expense of procedural technicalities." Fulton County Bd. of Tax Assessors v. Layton, 261 Ga.App. 356, 582 S.E.2d 520 (2003) (superior court erred in dismissing appeal for failure to state grounds because notice of appeal could have been amended); see also Barton, 228 Ga. at 741-742(1), 187 S.E.2d 835 (right to have the reasoning of county reports in support of applicants' rezoning application was "not **41 such a substantial right as would authorize the court to set aside the rezoning on account of its denial").
We conclude that OCGA § 48-5-311(g)(4)(A)'s command that nonjury trials in appeals from a board of equalization to the superior court "shall be held within 40 days" of filing is directory rather than mandatory. See Rolleston Living Trust, 240 Ga.App. at 406-407(1), 523 S.E.2d 600. The trial court therefore erred when it granted the taxpayers' motions to dismiss the appeals on the ground that it had failed to hold a hearing within that time period.
2. In light of the foregoing, the Tax Board's remaining contentions are moot.
Judgments reversed.
ANDREWS, P.J., and ADAMS, J., concur.

See OCGA § 48-5-311(g)(2) (requiring that "Mlle county board of tax assessors shall certify to the clerk of the superior court the notice of appeal and any other papers specified by the person appealing").

The taxpayers' responses to the notices of appeal varied. In Case No. A07A2048, the taxpayers responded that they "[could] not admit or deny [that] only questions of law are presented." In Case No. A07A2049, the taxpayers asserted that factual issues remained and demanded a jury trial. In Case No. A07A2050, the taxpayer "dispute[d] the facts as set out in the [Tax Board's] notice of appeal" and asked for "an evidentiary hearing." We need not decide whether these responses might be sufficient to ground, dismissal for failure to request a jury trial because the taxpayers brought their motions to dismiss solely on the basis of the 40-day limit applicable to nonjury trials.