S00A0348. JAXO v. THE STATE.
(528 SE2d 807)

SEARS, Justice.

Appellant Rigoberto Jaxo appeals his convictions for murder, aggravated assault, and illegal firearm possession.[1] Finding that appellant's statement to police was properly admitted at trial and that the evidence introduced was sufficient to support the jury's verdicts, we affirm.

The eyewitness and circumstantial evidence introduced at trial was sufficient to enable a rational trier of fact to conclude that one evening in May 1998, the victim, Manuel Garcia, and his wife had just returned to the Calhoun apartment where they resided when

---

[1] The crimes were committed on May 21, 1998, and appellant was indicted on March 3, 1999, on counts of malice and felony murder, aggravated assault, possession of a firearm during the commission of a felony and illegal firearm possession by a convicted felon. He was tried on May 17-20, 1999 and found guilty on all counts. Appellant was sentenced to life imprisonment for the murder conviction, the felony murder conviction merging by operation of law, and sentenced to twenty concurrent years for the assault conviction, and two five-year sentences on the illegal firearm possession convictions, to be served consecutively and concurrently, respectively. On October 27, 1999, appellant was granted permission to file an out-of-time appeal and filed a notice of appeal that same day. The transcript was certified on November 11, 1999. The appeal was docketed on November 17, 1999, and submitted for decision without oral argument.

appellant and his accomplice, Hosea Horta, appeared at the door. The victim, appellant and Horta engaged in a conversation spoken in Spanish which the victim's wife was unable to follow because she does not speak the language. The three men became agitated and the victim handed his wallet and watch to his wife, and then walked outside. Appellant followed after stating, "I'm just going to shoot [him]." The wife followed. Once outside, she saw the victim face appellant, raise his arms and say, "Man, if you're going to shoot me, shoot me." At that, appellant raised a 9 mm pistol and fired three shots at the victim, who collapsed. The victim's wife ran inside to call 911 emergency services. While inside, she heard three more shots. By the time she returned outside, the victim lay bleeding on the ground, and appellant and Horta were gone. The victim, who had been shot six times, was pronounced dead on arrival at the hospital. The murder weapon was never recovered.

Appellant was later taken into custody in California, returned to Georgia and interviewed on March 23, 1999. Prior to questioning, appellant was informed of his *Miranda* rights, and acknowledged and waived those rights by signing a waiver form in the presence of two witnesses. In his statement to police, appellant admitted knowing the victim and his wife and having been inside their apartment on several occasions, riding in Horta's vehicle, and knowing the location of a gun hidden inside the vehicle.

At trial, appellant asserted an alibi defense, claiming that he had been in California at the time of the murder. Eyewitness testimony at trial was heard from the victim's wife who identified appellant as her husband's murderer, and also from three neighbors who had looked outside upon hearing the first three shots fired. One of those neighbors testified that he observed appellant standing over the victim's prone body and firing the final three shots into him. The other two neighbors testified that they saw two men fleeing the crime scene in a car that matched the description of Horta's car; however, they could not identify the two men in the car.

1. Contrary to appellant's urging, his introduction at trial of evidence contradicting that of the State and attempting to discredit the eyewitness testimony of the victim's wife do not mandate reversal of his convictions. It is the jury's province to weigh the evidence and assess the credibility of witnesses,[2] and the evidence introduced by the State, which obviously was believed by the jurors, when viewed most favorably to the verdict, was sufficient to enable any rational trier of fact to find appellant guilty beyond a reasonable doubt of the

[2] *Roker v. State*, 262 Ga. 220 (416 SE2d 281) (1992).

crimes for which he was convicted.[3]

2. The trial court did not err in concluding by a preponderance of the evidence that appellant's custodial statement to police was knowingly and voluntarily given,[4] and the statement was properly admitted at trial. Evidence introduced during a pretrial *Jackson-Denno* hearing showed that before making his statement, appellant was informed of his *Miranda* rights, stated that he understood those rights, and voluntarily waived them. Appellant's native language is Spanish, but evidence showed that he demonstrated to the interviewing officers his ability to converse in and understand English. Finally, nothing in the record indicates that appellant's statement was the product of coercion, promises or threats.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 1, 2000.

*William R. Thompson, Jr.*, for appellant.

*T. Joseph Campbell, District Attorney, Thurbert E. Baker, Attorney General, Wylencia H. Monroe, Assistant Attorney General*, for appellee.

---

[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[4] See *Dixon v. State*, 267 Ga. 136 (475 SE2d 633) (1996).