## S04A1186. LITTLE v. THE STATE.
### (603 SE2d 252)

SEARS, Presiding Justice.

The appellant, Barry Little, is appealing from his conviction for the felony murder of Ronald Crews.[1] On appeal, Little contends,

---

[1] The crimes occurred on July 16, 1996. On December 10, 1996, Little was indicted for malice murder, felony murder, and aggravated assault. On August 30, 1999, a jury found Little not guilty of malice murder, but guilty of felony murder and aggravated assault. The trial court

among other things, that the evidence is insufficient to support his conviction; that the trial court erred by admitting a prior statement of a witness into evidence; that the trial court erred by failing to charge the jury on reckless conduct; and that, in charging the jury on felony murder, the trial court improperly defined aggravated assault in a way that was not set forth in the indictment. Finding no merit to these contentions, we affirm Little's conviction.

1. The evidence showed that on July 16, 1996, Little was playing basketball in front of his home with five other men, including Ronald Crews. Little and Crews got into an argument, and several eyewitnesses testified that Little then pulled a knife from his sock. Crews responded by getting a stick and chasing Little. Little then picked up a shovel while continuing to hold the knife in his other hand, and Crews began backing away from Little. All of the eyewitnesses testified that Crews did not attempt to hit Little with the stick he was carrying, and that, as Crews was backing away from Little, Little hit him in the head with the shovel and then stabbed him in the chest. Little, on the other hand, testified that Crews hit him with the stick several times after Little first swung at Crews with the shovel; that he (Little) was swinging at Crews with the shovel and the knife; that after he hit Crews with the shovel, Crews kept fighting him; that he (Little) kept stabbing at Crews with the knife; that he (Little) eventually struck Crews with the knife, causing him to fall down; and that, although he meant to stab at Crews to "get him off of me," he did not "mean to kill [Crews]." Crews died as a result of a stab wound to his heart.

Having reviewed the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found Little guilty of felony murder beyond a reasonable doubt.[2]

2. Contrary to Little's contention, the trial court did not err by admitting into evidence the prior inconsistent statements of James Rosser. The statements were admissible to impeach Rosser and as substantive evidence,[3] and it was not necessary for the State to show

---

imposed a life sentence for the felony murder conviction, and merged the aggravated assault conviction with the one for felony murder. On September 2, 1999, Little filed a motion for new trial. On October 19, 1999, the court reporter completed certification of the transcript, and on May 9, 2003, Little filed an amended motion for new trial. On May 9, 2003, the trial court denied Little's motion for new trial, as amended. Little filed a notice of appeal on June 2, 2003, and the appeal was docketed in this Court on March 23, 2004. The appeal was submitted for decision on briefs on May 17, 2004.

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] See *Ingram v. State*, 277 Ga. 46, 48-49 (586 SE2d 221) (2003); *Holiday v. State*, 272 Ga. 779, 780-781 (534 SE2d 411) (2000); *Rollins v. State*, 262 Ga. 698, 699 (425 SE2d 285) (1993).

surprise or entrapment before introducing the prior inconsistent statement.[4]

3. Little next contends that the trial court erred in failing to charge the jury on the offense of reckless conduct. However, because the evidence, including Little's testimony, establishes that he stabbed at Crews intentionally and not " 'consciously disregarding a substantial and unjustifiable risk that his act or omission (would) cause harm or endanger [Crews's] safety,' see OCGA § 16-5-60,"[5] the trial court did not err in failing to charge on reckless conduct.[6] Similarly, because the evidence at trial did not warrant a charge on reckless conduct, the trial court did not err in failing to charge the jury that it could find Little guilty of involuntary manslaughter if it found that Little killed the victim during the commission of an unlawful act other than a felony (reckless conduct).[7]

4. Little also contends that the trial court erred by charging the jury on a method of committing aggravated assault that was not set forth in the indictment. We find no merit to this contention.

In this regard, the malice murder count of the indictment charged that Little "did unlawfully and with malice aforethought, cause the death of Ronald Crews . . . by stabbing him with a knife." Similarly, the felony murder count of the indictment alleged that Little "did unlawfully during the commission of the following felony, to wit, Aggravated Assault, cause the death of Ronald Crews, a human being, [by] stabbing him with a knife." The aggravated assault count of the indictment alleged that Little "[d]id unlawfully commit assault upon the person of Ronald Crews, by stabbing him with a knife, an object which, when used offensively against a person, is likely to result in serious bodily injury." When charging the jury on aggravated assault as an independent crime and as the underlying felony for the felony murder count of the indictment, the trial court, in addition to charging that a person commits aggravated assault by assaulting a person with an object that, when used offensively against a person, is likely to result in serious bodily injury, also charged the jury that "a person commits the offense of aggravated assault when that person assaults another person with the intent to murder." Little contends that this latter charge impermissibly expanded the scope of the indictment. We disagree.

Little's contention that the trial court impermissibly charged on aggravated assault with intent to murder is premised on due process

---

[4] *Rollins*, 262 Ga. at 699; *Knight v. State*, 266 Ga. 47, 49 (464 SE2d 201) (1995).

[5] *Stobbart v. State*, 272 Ga. 608, 611 (533 SE2d 379) (2000).

[6] Id.; *Salyers v. State*, 276 Ga. 568, 569 (580 SE2d 240) (2003).

[7] *Brown v. State*, 277 Ga. 53, 54-55 (586 SE2d 323) (2003).

concerns, as defendants must be notified of the charges against them so that they can prepare a defense for trial and so that they are protected from a second prosecution for the same offense.[8] We have held that a defendant is on notice that he must defend against crimes that are included as a matter of law in the crimes charged in the indictment, as well as lesser crimes that "are shown by the facts alleged to show how the crime charged was committed."[9] In this regard, in a case in which a defendant was indicted only for malice murder, but the indictment alleged that the defendant caused the victim's death by shooting him with a gun, we held that the defendant was on notice that he could be convicted of felony murder, with aggravated assault as the underlying felony.[10] Similarly, in a case in which the defendant was indicted for felony murder, we held that the language of the felony murder count — the defendant caused the death of the victim during an aggravated assault by shooting the victim with a gun — "raised the possibilities of assault both with a deadly weapon and with the intent to murder."[11] Moreover, in a case in which an aggravated assault count of an indictment alleged that the defendant assaulted one victim by shooting him with a pistol and assaulted another victim by striking her with a pistol, we held that the indictment was sufficient to put the defendant on notice that he could be convicted of assaulting the victims with the intent to murder and with a deadly weapon.[12]

Although the aggravated assault count of the indictment in the present case alleged assault with a weapon that, when used offensively against another person, could result in serious bodily injury, we conclude that the malice murder and felony murder counts of the indictment were sufficient to put Little on notice that he had to defend against a charge that he assaulted Crews with the intent to murder. More specifically, the malice murder count alleged that Little, with malice aforethought, caused Crews's death by stabbing him with a knife, and the felony murder count alleged that Little, during the commission of aggravated assault, caused Crews's death by stabbing him with a knife. Under the principles and cases discussed above, these counts of the indictment were sufficient to notify Little that he would have to defend himself against a charge that he assaulted Crews with the intent to murder.

---

[8] *Dukes v. State*, 265 Ga. 422-423 (457 SE2d 556) (1995); *McCrary v. State*, 252 Ga. 521, 523 (314 SE2d 662) (1984).

[9] *McCrary*, 252 Ga. at 523.

[10] *Dunn v. State*, 263 Ga. 343, 344 (434 SE2d 60) (1993).

[11] *Ross v. State*, 268 Ga. 122, 124-125 (485 SE2d 780) (1997), overruled on other grounds, *Bishop v. State*, 271 Ga. 291 (519 SE2d 206) (1999).

[12] *Scott v. State*, 274 Ga. 153, 154 (549 SE2d 338) (2001).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 27, 2004.

*Cynthia W. Harrison,* for appellant.
*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Christopher M. Quinn, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Frank M. Gaither, Jr., Assistant Attorney General,* for appellee.