A05A0980. LEWIS v. THE STATE.
(619 SE2d 699)

BLACKBURN, Presiding Judge.

Following a jury trial, Lemuel Banks Lewis appeals his conviction on two counts of child molestation,[1] two counts of aggravated child molestation,[2] one count of statutory rape,[3] and one count of incest.[4] Lewis contends: (1) that the evidence was insufficient to support the verdict; (2) that the trial court erred in admitting evidence of similar transactions; and (3) that he received ineffective assistance of counsel. For the reasons set forth below, we affirm the conviction.

1. Lewis contends that the evidence was insufficient to support the verdict. We disagree.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State.*[5] We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia.*[6]

Viewed in the light most favorable to the verdict, the evidence shows that the acts for which Lewis was convicted occurred while he was living with his wife, his 16-year-old daughter, and his 13-year-old stepdaughter. Lewis's stepdaughter testified that Lewis fondled her private parts, engaged in mutual oral sex with her, and by the time she was 15 years old, engaged in sexual intercourse with her. Lewis also attempted to have anal sex with her several times.

In addition, a friend of the stepdaughter testified that she witnessed at least one instance of oral sex between the stepdaughter and Lewis. Other witnesses also confirmed other sexually suggestive conduct between the stepdaughter and Lewis.

[1] OCGA § 16-6-4.
[2] OCGA § 16-6-4 (c).
[3] OCGA § 16-6-3.
[4] OCGA § 16-6-22.
[5] *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).
[6] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Although Lewis denies the acts he was charged with, determinations of credibility are solely within the province of the factfinder, and the testimony of a single witness is generally sufficient to establish a fact. OCGA § 24-4-8. Here, Lewis's stepdaughter explicitly testified to facts which amply supported Lewis's conviction. His contention that the evidence was insufficient to support the verdict is meritless.

2. Lewis contends that the trial court erred in admitting the similar transaction evidence regarding his relationship with and suggestive acts toward his older daughter. Again, we disagree.

Following a hearing that complies with *Williams v. State*,[7] the trial court's decision to admit similar transaction evidence will not be disturbed absent an abuse of discretion. *Brooks v. State*.[8] Because the trial court conducted a hearing and had ample reason to admit the testimony, we discern no abuse of discretion and therefore decline to reverse the trial court's decision admitting the similar transaction evidence.

The record shows that evidence was presented that, prior to committing criminal acts against his stepdaughter, Lewis often had his older daughter and his stepdaughter sit in his lap, and he would also enter the girls' bedrooms at night to rub their backs. The older daughter testified that while she was 16 years old and living with Lewis, he would come into her bedroom at night to rub her back and would have her sit on his lap in his recliner while he rubbed her back and legs. In addition, an adult aunt testified that the older daughter told her that Lewis experienced erections while the older daughter sat in his lap.

Lewis contends that: (a) no legitimate purpose existed for introducing the similar transactions; (b) the independent acts were not sufficiently connected to the crime charged; and (c) the aunt's testimony could not be sufficiently proven.

(a) To admit evidence of independent acts, the State must show an appropriate purpose, sufficient evidence to establish that the accused committed the independent act, and a sufficient connection between the independent act and the crime charged. *Williams*, supra. Appropriate purposes include, among other things, showing motive, plan, scheme, bent of mind, and course of conduct. *Johnson v. State*.[9] Additionally, in cases of sexual abuse of children, evidence of prior sexual acts performed on other children is admissible to show the lustful disposition of the defendant toward children, and, because

---

[7] *Williams v. State*, 251 Ga. 749, 755 (4) (312 SE2d 40) (1983).

[8] *Brooks v. State*, 230 Ga. App. 846, 847 (1) (498 SE2d 139) (1998).

[9] *Johnson v. State*, 242 Ga. 649, 652-653 (3) (250 SE2d 394) (1978).

there is seldom a competent witness other than the victim to what occurred, to corroborate testimony of the victim as to the acts charged. *Phelps v. State.*[10] The similar acts here were offered for a number of appropriate purposes, including demonstration of Lewis's bent of mind, course of conduct, and lustful disposition toward children, while corroborating the victim's testimony.

(b) Lewis further argues that the back-rubbing and lap-sitting to which the older daughter testified are not sufficiently similar to the crime charged because they were merely acts of "fatherly love," with no "lascivious connotation." To show sufficient similarity, there need only be a logical connection between the independent act and the crime charged. *Johnson,* supra at 652-653 (3). Additionally, in cases of sexual abuse of children, "[t]he sexual molestation of young children, regardless of sex or type of act, is sufficient similarity to make the evidence admissible." *Phelps,* supra at 220 (2). Cf. *Johnson,* supra at 653 (3) ("[t]he exception to the general rule that evidence of independent crimes is inadmissible has been most liberally extended in the area of sexual offenses"). The resemblance between the nocturnal back-rubbings and the recliner lap-sittings involving both minor females provided ample similarity between the acts for the testimony to be admitted.

(c) Finally, Lewis contends that the testimony regarding Lewis's sexual arousal was not sufficiently proven because the evidence was not elicited directly from the older daughter (who at trial denied the sexual arousal), but rather from the adult aunt to whom the older daughter had earlier disclosed the sexual arousal. Clearly, a witness may be impeached by previous inconsistent statements, which statements themselves are considered substantive evidence. OCGA § 24-9-83. See *Little v. State*[11] (inconsistent statements are substantive evidence). The older daughter's denial of her previous statement goes to the weight of her testimony, not to its admissibility. *Charo v. State.*[12]

3. Lewis contends that he received ineffective assistance of counsel because his defense counsel failed to: (a) cross-examine the stepdaughter regarding certain diary entries made by her; and (b) present previous "false" allegations from the stepdaughter.

To prevail on a claim of ineffective assistance of counsel, the defendant must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense of the case.

---

[10] *Phelps v. State,* 158 Ga. App. 219 (2) (279 SE2d 513) (1981).
[11] *Little v. State,* 278 Ga. 425, 426 (2) (603 SE2d 252) (2004).
[12] *Charo v. State,* 206 Ga. App. 297, 299 (4) (424 SE2d 900) (1992).

*Strickland v. Washington.*[13] See also *Brown v. State.*[14] Trial counsel is afforded a strong presumption that his conduct and decisions are reasonable. *Strickland,* supra at 689. Additionally, trial tactics and strategy, no matter how mistaken in hindsight, are almost never adequate grounds for finding trial counsel ineffective unless they are so patently unreasonable that no competent attorney would have chosen them. *Brantley v. State.*[15]

(a) According to the record, Lewis's trial counsel stated that he did not cross-examine the victim using her diary because he wished as a matter of strategy to preserve closing argument. See OCGA § 17-8-71. The trial judge correctly concluded that the preservation of closing argument was a valid strategic decision. See *Quintanilla v. State*[16] (" '[p]reserving such [closing] argument is a decision involving trial strategy' "). We reverse such rulings only where they are clearly erroneous. *Johnson v. State.*[17]

Even if counsel's use of certain diary excerpts may not have in fact precluded Lewis from closing argument, any error caused by the omission was harmless, and the trial court's decision should not be overturned. Cf. *Thomas v. State.*[18] The diary entries would have been cumulative since the stepdaughter's testimony at trial confirmed the diary entries. She testified, as set forth in the diary, that Lewis provided a stable home environment, and that Lewis provided the father figure she desired. Her testimony also confirmed the later diary entries describing abuse. Further, the record shows that Lewis's trial counsel cross-examined the victim based on her previous affectionate statements regarding Lewis. The fact that counsel did not use the particular diary entries does not amount to ineffective assistance,

---

[13] *Strickland v. Washington,* 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[14] *Brown v. State,* 257 Ga. 277, 278 (2) (357 SE2d 590) (1987).

[15] *Brantley v. State,* 271 Ga. App. 733 (1) (611 SE2d 71) (2005).

[16] *Quintanilla v. State,* 273 Ga. 20, 23 (3) (d) (537 SE2d 352) (2000), citing *Brown v. State,* 268 Ga. 354, 357 (4) (a) (490 SE2d 75) (1997).

[17] *Johnson v. State,* 266 Ga. 380, 383 (2) (467 SE2d 542) (1996).

[18] *Thomas v. State,* 262 Ga. App. 492, 495 (2) (589 SE2d 243) (2003), citing *Smith v. State,* 272 Ga. 874 (536 SE2d 514) (2000).

> [I]f a defendant does not introduce evidence, his or her counsel has the right to open and conclude argument to the jury after the State's evidence is closed. . . . If, during cross-examination, a defendant reads portions of a witness's prior written statement unrelated to impeachment, the defendant has effectively introduced evidence that should have been formally offered into evidence, and the defendant loses the right to open and close final arguments. Conversely, if the defendant reads only portions of the prior statement relevant to impeachment, the defendant has not introduced evidence and does not lose the right to open and close.

(Citation and punctuation omitted.) Id.

as such evidence simply would have been cumulative; thus, it provides no reason to disturb the trial court's ruling. *Lyons v. State*.[19]

(b) Lewis further contends that trial counsel's failure to present evidence of an allegedly previous "false allegation" constitutes ineffective assistance. Lewis, however, apparently misunderstood the stepdaughter's previous statement. The "false statement" allegedly took place when, upon learning that Lewis was planning to leave the family, the stepdaughter threatened to tell her mother about the abuse that had been taking place. Rather than evidencing a false threat, the statement *supports* the stepdaughter's assertions that despite the abuse, she considered Lewis a stabilizing force in the family and did not want to lose the man she viewed as a father figure. There is, in fact, no reason to believe that the allegation was false as Lewis presupposes. Defense counsel's decision not to follow the specific trial tactics and strategy that Lewis, in retrospect, believes would have been beneficial, does not amount to ineffective assistance of counsel. *Brantley*, supra.

As evidence supported its decision, the trial court did not clearly err in finding Lewis received effective assistance of counsel. Therefore, the court did not abuse its discretion in denying Lewis's motion for new trial on these grounds.

*Judgment affirmed. Miller and Bernes, JJ., concur.*

DECIDED JULY 28, 2005 —
RECONSIDERATION DENIED AUGUST 10, 2005.

*Thomas J. Gustinella*, for appellant.
*Spencer Lawton, Jr., District Attorney, Gregory M. McConnell, Assistant District Attorney*, for appellee.

