S07A1352. LEWIS v. THE STATE.
(657 SE2d 854)

THOMPSON, Justice.

Defendant Jeffrey Daniel Lewis was convicted of the felony murder of Richard Golden and possession of a firearm during the commission of a crime.[1] On appeal, Lewis asserts, inter alia, that the trial court gave the jury a sequential charge in violation of *Edge v.*

---

[1] Lewis was indicted on July 21, 2005, and charged with malice murder, felony murder predicated on the underlying felony of aggravated assault, possession of a firearm during the commission of a crime, and possession of a firearm by a convicted felon. Trial commenced on October 17, 2005 and the jury returned its verdict on October 18, 2005, finding Lewis guilty of felony murder and possession of a firearm during the commission of a crime. Lewis later pled guilty to possession of a firearm by a convicted felon. On December 19, 2005 the trial court sentenced Lewis to life imprisonment for felony murder, five years consecutive for possession of a firearm during the commission of a crime and five years concurrent for possession of a firearm by a convicted felon. A motion for new trial was filed on December 30, 2005, amended

*State*, 261 Ga. 865 (414 SE2d 463) (1992), and that it erred by allowing the State to waive initial closing argument and present a full summation of the case after defendant gave his closing. Finding harmful error in the trial court's charge, we reverse.

On the evening of May 14, 2004, Jeffrey "Sug" Lewis, Richard Golden, Alvin Whitfield and Daniel Skinner were drinking beer in a shed behind Skinner's house. As Lewis got up to leave the shed, he began arguing with Golden about a fight the two men had a year earlier, during which Lewis struck Golden and Golden stabbed Lewis in the back with a knife.

At some point during this argument, Lewis slapped Golden on the head. In response, Golden picked up a plastic chair and turned toward Lewis. Skinner jumped between the two men and told them to leave the shed. Whitfield told Lewis, "Sug, don't shoot that boy." A shot rang out, and Golden spun around and fell onto a sofa. Lewis, who had been standing in the doorway at the time the shot was fired, turned and left without saying a word. The following evening, Lewis surrendered to authorities.

1. Lewis challenges the sufficiency of the evidence supporting his convictions under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). We find that the evidence was sufficient to authorize a rational trier of fact to find Lewis guilty beyond a reasonable doubt of felony murder and possession of a firearm during the commission of a crime.

Lewis testified that he felt threatened by Golden, pulled out the gun for his own protection, and the gun fired accidentally. Lewis' account, however, was contradicted by testimony that Lewis argued with Golden, that Lewis initiated a physical altercation with Golden, that at the time of the shooting Lewis was standing in the doorway and was able to leave, that Golden was shot between the eyes, and that Lewis left the scene immediately after the shot was fired. In light of this competing evidence, the jury had sufficient grounds to reject a theory of accident or self-defense. The testimony and credibility of Lewis and other witnesses were matters solely within the province of the jury. *Jaxo v. State*, 272 Ga. 355, 356 (528 SE2d 807) (2000).

2. In its instructions to the jury, the trial court charged the elements of malice murder, felony murder, voluntary manslaughter and involuntary manslaughter, and added that "before you would be authorized to return a verdict of guilty of malice or felony murder, you must first determine whether mitigating evidence, if any, would

on November 29, 2006, and denied by order of the trial court on April 19, 2007. Lewis filed a notice of appeal on April 25, 2007. This case was submitted for decision on the briefs on July 16, 2007.

cause the offense to be reduced to voluntary manslaughter or even involuntary manslaughter."

After the jury retired to deliberate, it returned with these questions: "Will you define malice murder and felony murder again for all of us to understand? Can we decide voluntary manslaughter instead of malice murder and felony murder?" After discussing with the prosecuting attorney and defense counsel how to best recharge the jury, the trial court again charged the law of malice murder, felony murder, voluntary manslaughter and involuntary manslaughter. It concluded the recharge with this instruction: "In order to find voluntary manslaughter you must find all the elements of malice murder and felony murder do not exist." Thereupon, Lewis reserved objections to the recharge.

After resuming deliberations the jury delivered a handwritten verdict finding Lewis not guilty of malice murder, guilty of felony murder and guilty of possession of a firearm during the commission of a crime. The document does not mention the offense of voluntary manslaughter.

Lewis argues that the trial court's recharge violated *Edge v. State*, supra, because it improperly emphasized malice murder and felony murder and prevented the jury from giving full consideration to voluntary manslaughter. We agree.

> Our holding in *Edge* disapproved use of the "sequential charge" in those cases where the jury's task is to determine if the homicide is felony murder or voluntary manslaughter. In such a case the "sequential" charge prevents the jury from fully considering voluntary manslaughter, because if the jury determines that the defendant committed felony murder, "it would not then go on to consider evidence of provocation or passion which might authorize a verdict for voluntary manslaughter." Id. at 867.

*Terry v. State*, 263 Ga. 294, 295 (430 SE2d 731) (1993).

In this case, the trial court recharged the jury that it was to consider voluntary manslaughter only if it determined that the elements of malice murder and felony murder are lacking. Thus, the trial court failed to plainly and clearly instruct the jury to consider voluntary manslaughter before deciding whether Lewis committed felony murder. *Walker v. Williams*, 282 Ga. 409 (651 SE2d 59) (2007). It follows that the trial court's instructions eliminated the jury's full consideration of voluntary manslaughter, as well as evidence of passion or provocation. Accordingly, Lewis' felony murder conviction must be reversed. *Harrison v. State*, 268 Ga. 574, 576 (492 SE2d 218) (1997).

The State asserts that error in the recharge was induced by Lewis because he conceded that the law in the recharge, as proposed by the trial court, was appropriate. We cannot accept this assertion. Although defense counsel engaged in a lengthy discussion with the trial court and prosecuting attorney concerning the recharge, we find nothing in the transcript which would lead us to conclude that defense counsel acquiesced to the recharge as given. Compare *Harris v. State*, 272 Ga. 455, 456 (2) (532 SE2d 76) (2000).

3. At trial, the prosecuting attorney waived his initial closing argument and elected to make a full presentation following the defense's closing argument. On appeal, Lewis argues that OCGA § 17-8-71 prohibits the State from waiving its initial closing argument and that the trial court erred in permitting the prosecuting attorney to do so.

OCGA § 17-8-71, as amended in 2005, and applicable to this appeal, reads as follows: "After evidence is closed on both sides, the prosecuting attorney shall open and conclude the argument to the jury. The defendant shall be entitled to make a closing argument prior to the concluding argument of the prosecuting attorney." The amendment eliminated the last sentence of the previous statute which read: "If the defendant introduces no evidence, his counsel shall open and conclude the argument to the jury after the evidence on the part of the state is closed."

Lewis points out that the language of the amended statute bears a close resemblance to an earlier version of Federal Rule of Criminal Procedure 29.1, in which the words "the prosecution shall open" have been interpreted as a mandatory directive requiring a substantive initial closing by the prosecution. *United States v. Taylor*, 728 F2d 930, 937 (7th Cir. 1984). See also *State v. McClain*, 706 P2d 603 (Utah 1985) (rule that prosecution "shall" open and "may" close requires prosecution to open closing argument). Lewis adds that prior to the enactment of OCGA § 17-8-71, as amended, a defendant was entitled to open and conclude closing argument if he presented no evidence;[2] that the amendment to the statute eliminated that right and gives the State a decided advantage; and that were we to interpret the amended statute as merely directory, we would add to that advantage and impinge upon a defendant's ability to fully and fairly argue his case. We disagree.

This court has held that, for the purposes of statutory construction, the word "shall" is to be generally construed as a mandatory directive. *State v. Henderson*, 263 Ga. 508, 510 (436 SE2d 209) (1993). However, the word "shall" need not always be construed in that

---

[2] See, e.g., *Park v. State*, 224 Ga. 467, 480 (4) (162 SE2d 359) (1968).

fashion. See *Garrison v. Perkins*, 137 Ga. 744, 755 (74 SE 541) (1912). In fact, with regard to the first sentence of OCGA § 17-8-71, the word "shall" has long been given a directory construction. As this Court said in *Bradham v. State*, 243 Ga. 638, 639 (2) (256 SE2d 331) (1979):

> After the close of the evidence, the trial court, in its discretion, may permit the party having the opening and concluding argument to waive the opening statement and make a full presentation regarding the legal and factual facets of his case to the jury following the final argument of the adverse party. [Cits.]

Thus, prior to its amendment in 2005, OCGA § 17-8-71 gave the prosecutor the right to open and conclude — unless the defendant decided not to present evidence, in which case the defendant gained the right to open and conclude. The 2005 amendment took away the right of the defendant to open and conclude, but it did nothing to alter the prosecution's rights with respect to closing argument. *Warren v. State*, 281 Ga. App. 490, 491 (2) (636 SE2d 671) (2006).

4. We disagree with Lewis' assertion that the trial court erred in allowing the lead investigator, Claude Wade, to remain in the courtroom and later testify after the rule of sequestration had been invoked. When a prosecutor shows that a witness' presence is required for the orderly presentation of the State's case, it is well within the court's discretion to allow the witness to remain. *Warner v. State*, 281 Ga. 763, 765 (642 SE2d 821) (2007). A trial court's decision to grant an exception to the rule of sequestration will not be disturbed, absent manifest abuse of discretion. *Earnest v. State*, 262 Ga. 494, 495 (422 SE2d 188) (1992).

5. Lewis argues that the trial court erroneously permitted the lead investigator to testify as to a conversation he had with the victim regarding the previous knife fight between Lewis and the victim. This argument will not be addressed on appeal because Lewis did not object to this testimony in the trial court. *Earnest v. State*, supra.

6. Lewis argues that the indictment was fatally defective for failing to set out the aggravated nature of the assault, either by naming the deadly weapon used or alleging intent to murder. Lewis further contends that the trial court erred in instructing the jury that aggravated assault — the underlying felony for the felony murder count — could be established with either "intent to murder" or use of a "deadly weapon," when neither aggravating circumstance was named in the indictment. Both arguments are specious.

The indictment charges Lewis with malice murder and felony murder on the basis that Lewis "did while in commission of the felony of aggravated assault, cause the death of Richard Golden, a human

being, by shooting him." A defendant is held to have notice of all crimes charged in the indictment, as well as lesser crimes shown by the facts alleged therein. *Little v. State*, 278 Ga. 425, 428 (603 SE2d 252) (2004). When the language of an indictment charges the defendant with causing the death of the victim "by shooting," it raises the possibility of aggravated assault both with a deadly weapon and intent to murder. Id. As the language of the indictment was sufficient to put Lewis on notice of both grounds for aggravation, the court's jury instructions were proper.

7. We need not address the remaining enumerated errors, alleging ineffective assistance of counsel, because they are not likely to occur upon retrial.

*Judgment reversed. All the Justices concur.*

DECIDED FEBRUARY 25, 2008.

*Peter D. Johnson*, for appellant.
*Daniel J. Craig, District Attorney, Madonna M. Little, Assistant District Attorney, Thurbert E. Baker, Attorney General, Benjamin H. Pierman, Assistant Attorney General*, for appellee.