A08A0308. SERRANO v. THE STATE.
(662 SE2d 280)

MILLER, Judge.

Following a jury trial, Juan Enrique Serrano was convicted of a single count of trafficking in methamphetamine, in violation of

OCGA § 16-13-31. He now appeals from the trial court's denial of his motion for a new trial, asserting that the trial court erred in denying his motions to suppress evidence seized during a police search of his vehicle and the voluntary statement he made to police while in their custody. Specifically, Serrano claims that his limited knowledge of English invalidated both his consent to the search of his car and the waiver of his *Miranda* rights. We disagree and affirm.

> In considering an appeal from denial of a motion to suppress, this Court construes the evidence in favor of the trial court's ruling, and we review de novo the trial court's application of the law to undisputed facts. Additionally, we must defer to the trial court's determination on the credibility of witnesses, and the trial court's ruling on disputed facts must be accepted unless it is clearly erroneous. Moreover, in reviewing the denial of a motion to suppress, we consider all the evidence of record, including evidence introduced at trial.

(Citation and footnote omitted.) *Jackson v. State*, 280 Ga. App. 716, 716-717 (634 SE2d 846) (2006). See also *Height v. State*, 281 Ga. 727, 729 (2) (642 SE2d 812) (2007) ("A trial court's findings as to factual determinations and credibility relating to the admissibility of a confession will be upheld on appeal unless clearly erroneous.") (citation and punctuation omitted).

So viewed, the evidence shows that on March 13, 2005, Deputy Brett Dever of the Douglas County Sheriff's Department was patrolling a section of Interstate 20 in Douglas County. Deputy Dever noticed that a car with Texas license plates and driven by Serrano was failing to maintain its lane. Deputy Dever began following the car and asked dispatch to run a check of the vehicle's license plate. After dispatch reported that the car's license plate had been cancelled or suspended approximately two weeks earlier, Deputy Dever stopped the vehicle. The only occupants of the car were Serrano and a female passenger, later identified as Serrano's girlfriend.

In response to questions from Deputy Dever, Serrano identified his destination as "Georgia" and identified the owner of the car as someone other than the person to whom it was registered. Finding these responses suspicious, Deputy Dever asked Serrano if he was transporting marijuana and Serrano freely admitted that he had marijuana cigarettes with him. Deputy Dever then asked and received permission to search Serrano's vehicle. That search revealed a hidden compartment, containing approximately 20 pounds of methamphetamine.

As a result of that discovery, Serrano was arrested and trans-

ported to the Douglas County jail, where he was interviewed by Investigator Charles Mitchell. Before questioning Serrano, Investigator Mitchell read him his *Miranda* rights. Serrano indicated that he understood those rights, and agreed to speak with Investigator Mitchell without an attorney present.

During the ensuing interview, Serrano told Investigator Mitchell that he worked at a body shop and that the car he was driving belonged to one of his customers. The customer had asked Serrano to construct the secret compartment in which the methamphetamine was found and later offered Serrano $1,000 to drive the car to the Atlanta area and leave it in a motel parking lot.

Prior to trial, Serrano moved to suppress the methamphetamine on the grounds that his consent to search the car had resulted from an illegal police detention. Following a hearing on this motion, the trial court denied the same and, in so doing, specifically found that Serrano "understood the questions asked of him, [and] that he answered them intelligently."

Serrano later moved to suppress his custodial statement to Investigator Mitchell, arguing that his limited knowledge of English meant that the waiver of his *Miranda* rights was neither knowing nor intelligent, and was therefore invalid. After a hearing, the trial court also denied this motion, finding that Serrano's knowledge of English was sufficient to allow him to make a knowing and voluntary waiver of his *Miranda* rights.

A jury subsequently found Serrano guilty of a single count of trafficking in methamphetamine, and the trial court thereafter denied Serrano's motion for a new trial. This appeal followed.

1. Serrano first argues that the trial court erred in denying his motion to suppress, because his limited ability to understand English meant that he could not voluntarily consent to the search of his car. We disagree.

At the hearing on the motion to suppress, the trial court heard the testimony of Deputy Dever and viewed a videotape of the traffic stop. Deputy Dever testified that Serrano understood him "completely," that he routinely dealt with people whose limited knowledge of English represented a "language barrier[,]" that such a barrier did not exist between Serrano and him, and that Serrano never indicated he did not understand the officer's questions. Additionally, after viewing the tape of the traffic stop, the trial court noted that Serrano appeared to understand Deputy Dever's questions "because he [gave] fact-based answers that indicated that he understood" the same, and he did so without asking the officer to restate the question.

Given this evidence, the trial court was authorized to conclude that Serrano understood English well enough to comprehend Deputy

Dever's request for consent to search his car and to voluntarily and knowingly consent to the same. *Salmeron v. State*, 273 Ga. App. 55, 57 (2) (614 SE2d 177) (2005).

2. Serrano also argues that the trial court erred in refusing to suppress his custodial statement to Investigator Mitchell, because his limited ability to understand English invalidated his *Miranda* rights waiver. Again, we disagree.

At the hearing on his motion to suppress, both Serrano and Investigator Mitchell testified and the trial court viewed the videotape of the police interview of Serrano. Serrano testified, through an interpreter, as to his limited ability to understand English. He also explained that he believed he had to speak with the police, and that he did not understand that he had the right to speak with an attorney free of charge. On cross-examination, however, Serrano admitted that he had worked in Texas for eight years and that some of his customers spoke only English, but that he was able to communicate effectively with them. Serrano further testified that his girlfriend, whom he had dated for approximately one year, spoke little Spanish.

Moreover, the tape of the interview confirmed Investigator Mitchell's testimony that, after he informed Serrano of his *Miranda* rights, Serrano consented to be interviewed without an attorney present. Investigator Mitchell then told Serrano that he would need to sign the waiver of rights form and Serrano did so. At no time did Serrano indicate he did not understand the officer or ask him to repeat anything. Thus, even in light of Serrano's testimony to the contrary, the record supports the trial court's conclusion that Serrano understood his *Miranda* rights and knowingly and voluntarily waived the same. *Jaxo v. State*, 272 Ga. 355, 356 (2) (528 SE2d 807) (2000).

Finding that the trial court did not err in denying either Serrano's motion to suppress the methamphetamine seized during the consensual search of his vehicle or his motion to suppress his voluntary custodial statement, we affirm the trial court's denial of Serrano's motion for a new trial.

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED MAY 13, 2008.

*Joseph S. Key*, for appellant.
*David McDade, District Attorney, James E. Barker, Assistant District Attorney*, for appellee.