## A11A2270. COBB COUNTY v. ROBERTSON et al.
### (724 SE2d 478)

PHIPPS, Presiding Judge.

Cobb County filed a petition for condemnation in rem together with a declaration of taking with respect to certain real property located in the County and owned by Morgan Robertson.[1] The court entered an order and judgment condemning the property described in the petition and the declaration of taking, vesting in the County title and the right of possession. Robertson filed a motion to set aside, vacate, and annul the declaration of taking, alleging that, for various reasons, the condemnation was not authorized.[2] The court scheduled a hearing date on Robertson's motion that was more than 60 days after the filing of the declaration of taking. After that 60-day period passed, the County moved to dismiss Robertson's motion, asserting inter alia that the hearing had not been held within the

---

[1] The petition also named as defendants other persons or entities that possibly had interests in the property, such as certain lienholders and the county tax commissioner.

[2] Robertson also challenged the amount of compensation, but the compensation issue is not before us in this appeal.

60-day time limit mandated by OCGA § 32-3-11 (c).[3] The court denied the County's motion to dismiss as to the 60-day procedural issue, expressly reserving for later consideration any substantive issues regarding the dismissal motion. We granted the County's application for interlocutory review. We affirm because the 60-day time period for holding a hearing set forth in OCGA § 32-3-11 (c) is directory, rather than mandatory.

At issue in this appeal is the proper construction of OCGA § 32-3-11. OCGA § 32-3-11 (a) allows the trial court to set aside, vacate and annul a declaration of taking in certain circumstances. Pursuant to OCGA § 32-3-11 (c), a condemnee desiring to raise issues outlined in OCGA § 32-3-11 (b)[4] is required to file the motion to set aside within 30 days of service of the declaration of taking. After the condemnee properly raises the motion to set aside,

> [t]he presiding judge shall thereupon cause a rule nisi to be issued and served upon the condemnor, requiring him to show cause at a time and place designated by the judge why the title acquired by the declaration of taking should not be vacated and set aside in the same way and manner as is now provided for setting aside deeds acquired by fraud. Such hearing shall be had not earlier than 15 days from the time of service of the rule nisi upon the condemnor, nor later than 60 days from the date of filing of the declaration of taking, and with the right of appeal by either party, as in other cases.[5]

In this case, the County filed the petition for condemnation in rem together with the declaration of taking on February 19, 2010. Robertson acknowledged service on February 25, 2010, answered the petition and, on March 25, 2010, timely filed his motion to set aside, vacate and annul the declaration of taking. On March 31, 2010, Robertson obtained a rule nisi setting a hearing date for May 11, 2010. On April 26, 2010, the County moved to dismiss Robertson's motion to set aside on the ground that, inter alia, the hearing was not held within 60 days of the filing of the declaration of taking as required by OCGA § 32-3-11 (c). The trial court denied the County's

---

[3] See infra.

[4] OCGA § 32-3-11 (b) pertinently provides that the court's power as described in OCGA § 32-3-11 (a) is restricted to questions of: (1) fraud or bad faith; (2) the improper use of the powers of this article; (3) the abuse or misuse of the powers of this article; and (4) such other questions as may be properly raised ("this article" refers to Article 1 (General Provisions) of Chapter 3 (Acquisition of Property for Transportation Purposes) of Title 32 (Highways, Bridges, and Ferries)).

[5] OCGA § 32-3-11 (c).

motion to dismiss, finding that Robertson had acted "in accordance with the . . . statute to the best of [his] ability" and that "the failure to hold the hearing under OCGA § 32-3-11 (c) was not due to any fault or action by [Robertson]."

As noted above, OCGA § 32-3-11 (c) provides that a "hearing shall be had . . . [no] later than 60 days from the date of filing of the declaration of taking . . . ." Even though the word "shall" is generally construed as mandatory, it need not always be construed in that fashion.[6]

> The Supreme Court of Georgia has established a framework for construing procedural requirements such as the [60]-day time period at issue here: Language contained in a statute which, given its ordinary meaning, commands the doing of a thing within a certain time, when not accompanied by any negative words restraining the doing of the thing afterward, will generally be construed as merely directory and not as a limitation of authority, and this is especially so where no injury appeared to have resulted from the fact that the thing was done after the time limited by the plain wording of the statute.[7]

"In such instances 'shall' denotes simple futurity rather than a command."[8] OCGA § 32-3-11 (c) contains no negative words restraining the superior court from holding the hearing after the 60-day period. "Nor does that statute in any other manner expressly declare that a designated result will follow noncompliance or that the [court] will cease to have authority to take specified action after [60] days."[9]

The Supreme Court has also stated that "[a] statutory provision is generally regarded as directory where a failure of performance will result in no injury or prejudice to the substantial rights of interested

---

[6] See *Lewis v. State*, 283 Ga. 191, 194-195 (3) (657 SE2d 854) (2008).

[7] *Jasper County Bd. of Tax Assessors v. Thomas*, 289 Ga. App. 38, 39 (1) (656 SE2d 188) (2007) (citation and punctuation omitted).

[8] *Charles H. Wesley Education Foundation v. State Election Bd.*, 282 Ga. 707, 709 (2) (654 SE2d 127) (2007) (citations and punctuation omitted).

[9] *Charles H. Wesley Education Foundation*, supra, 282 Ga. at 710 (2) (citation omitted). Cf. OCGA § 34-9-105 (b) (providing, as to appeals to superior court in workers' compensation cases, that if a hearing is not held or an order is not entered within specified times, "the decision of the board shall be considered affirmed by operation of law"). Nor does OCGA § 32-3-11 (c) expressly contemplate the possibility of a continuance. See *State v. Henderson*, 263 Ga. 508, 510 (436 SE2d 209) (1993) (in considering a 60-day hearing requirement in the forfeiture statute, OCGA § 16-13-49 (o) (5), the Court noted that the provision allowed the hearing to be continued for good cause, and "[i]f the 60-day requirement were directory, rather than mandatory, there would be no need for a 'good cause' continuance").

persons, and as mandatory where such injury or prejudice will result."[10] The County argues that the 60-day hearing requirement balances the need for the condemnee to be heard with the condemnor's need for certainty in improving condemned property. However, OCGA § 32-3-11 (c) does not require that a ruling be made within the 60-day period, and so the hearing contemplated by the statute cannot serve as the guarantor of such certainty.[11]

Further, we find that the legislature did not intend to deprive the trial court of jurisdiction to consider the motion to set aside if the hearing is not held within 60 days because, once the condemnee has fulfilled his obligation to file a timely motion to set aside, OCGA § 32-3-11 (c) contemplates action by the court, not by the condemnee. The second sentence of that subsection plainly states that *"[t]he presiding judge* shall thereupon cause a rule nisi to be issued and served upon the condemnor, requiring him to show cause *at a time and place designated by the judge* why the title acquired by the declaration of taking should not be vacated . . . ."[12] Assuming that Robertson could have, or even should have, done more to ensure that the hearing date was properly set, the trial court's calendar ultimately remains in the hands of the court.[13] The consequences of a failure by the court to hold a hearing within 60 days, however, should we find the timing of the hearing to be mandatory, would fall solely and irreparably on the condemnee, while under the statute "no burden is imposed upon either party to [e]nsure that the [motion] is

---

[10] *Sanchez v. Walker County Dept. of Family & Children Services*, 237 Ga. 406, 410 (229 SE2d 66) (1976) (citation and punctuation omitted). In holding certain notice and hearing requirements of the Juvenile Code to be mandatory in *Sanchez*, the Supreme Court noted that "[a]nother petition can be filed without delay if there is reason to believe the child is being neglected or abused." *Sanchez*, supra, 237 Ga. at 411. Dismissal of the motion to set aside in this case would not allow Robertson to file another timely motion.

[11] See *Dept. of Transp. v. City of Atlanta*, 259 Ga. 305, 306 (2) (380 SE2d 265) (1989). In that case, a hearing was conducted within the 60-day period contemplated by OCGA § 32-3-11 (c), and so the Supreme Court did not reach the issue of whether the provision concerning the timing of the hearing was mandatory or directory. Rather, the Court found that the trial court did not have to rule on the merits of the motion to set aside within the 60-day period.

[12] (Emphasis supplied.) OCGA § 32-3-11 (c). To the extent *Lopez-Aponte v. City of Columbus*, 267 Ga. App. 65, 67 (1) (599 SE2d 1) (2004), can be construed as reaching a contrary result, it is disapproved.

We note that this issue is presently pending before our Supreme Court in *Adkins v. Cobb County*, Case No. S12A0848 (April 2012). In its order granting the application for interlocutory appeal, the Court requested that the parties address whether "the trial court err[ed] in finding that it was the condemnees' responsibility to obtain a rule nisi and timely hearing on their motion to vacate. Compare [*Lopez-Aponte*, supra, 267 Ga. App. at 67 (1) n. 1], with OCGA § 32-3-11 (c) (stating the 'presiding judge shall thereupon cause a rule nisi to be issued')."

[13] See *Etheridge v. Etheridge*, 242 Ga. 101, 103 (249 SE2d 569) (1978) ("[c]ounsel for neither party can control the calendars and trial of cases"); Uniform Superior Court Rule 8.1 ("The assigned judge has the sole responsibility for setting hearings in all actions assigned to that judge. . . .").

timely [heard]."[14]

Accordingly, we find that OCGA § 32-3-11 (c)'s command to hold the hearing on the condemnee's motion to set aside within 60 days of the date of filing of the declaration of taking is directory rather than mandatory. It follows that the trial court did not err in refusing to dismiss Robertson's motion to set aside.

*Judgment affirmed. Ellington, C. J., Barnes, P. J., Mikell, P. J., Doyle, P. J., and Andrews, Miller, Adams, Blackwell, Dillard, McFadden and Boggs, JJ., concur.*

DECIDED FEBRUARY 29, 2012 — 

*Jackel & Phillips, Dana L. Jackel, Christopher L. Phillips*, for appellant.
*Adkins & Whitfield, Russell L. Adkins, Jr.*, for appellees.

---

[14] *Nodvin v. DeKalb County*, 158 Ga. App. 819 (282 SE2d 410) (1981) (reversing dismissal of condemnation case because applicable statute placed duty to bring case to trial squarely upon the judge and no burden was imposed on either party to ensure that the case was timely tried).