## A11A1613. FINCHER ROAD INVESTMENTS, LLLP v. CITY OF CANTON et al.
## A11A1786. WEBER et al. v. CITY OF CANTON et al.
## A11A1787. LIGHT v. CITY OF CANTON et al.
### (726 SE2d 120)

ADAMS, Judge.

The City of Canton, Georgia, and the Cobb County Marietta Water Authority (referred to collectively as Condemnors) filed petitions for condemnation and declarations of taking with respect to certain contiguous real property owned by the appellees, Fincher Road Investments, LLLP, Glen Richard Weber and Carol Ann Weber, and Richard Light and Linda Holmes-Rubin (collectively referred to as Condemnees) for the construction of a reservoir. The petitions and declarations of taking were filed on October 11, 2010, and the declarations were served on the various Condemnees between October 21 and November 2, 2010. Pursuant to OCGA § 32-3-11, the Condemnees timely filed petitions to set aside the declarations on November 22, 2010, and a hearing was scheduled for December 7, 2010. Following a hearing on that date, the trial court dismissed the petitions to set aside on the basis that the Condemnors were not given 15 days notice of the hearing as required by OCGA § 32-3-11 (c), and the Condemnees filed applications for interlocutory review of that order in this Court. We granted the Condemnees' applications, and these appeals, which we have consolidated for review, timely followed.

The starting point of our analysis is subsection (c) of OCGA § 32-3-11, which provides that after a condemnee timely[1] files a petition to set aside a declaration of taking

> [t]he presiding judge shall thereupon cause a rule nisi to be issued and served upon the condemnor, requiring him to show cause at a time and place designated by the judge why the title acquired by the declaration of taking should not be vacated and set aside in the same way and manner as is now provided for setting aside deeds acquired by fraud. Such hearing shall be had not earlier than 15 days from the time of service of the rule nisi upon the condemnor, nor later

---

[1] Pursuant to that subsection, the Condemnee must file the petition to set aside within 30 days of service of the declaration of taking.

than 60 days from the date of filing of the declaration of taking. . . .

As the superior court found, the Condemnees in this case timely filed their petition to set aside, and the hearing was scheduled to be held within 60 days from the filing date of the declaration, as required by the statute. However, the superior court found that the rule nisi was not filed and served until five days before the hearing, and thus the Condemnors did not receive fifteen days notice of the hearing as required by OCGA § 32-3-11. Citing *Lopez-Aponte v. City of Columbus*, 267 Ga. App. 65 (599 SE2d 1) (2004), the court reasoned that it had no discretion to act otherwise than to dismiss the petitions to set aside because the Condemnees failed to strictly comply with the requirements of OCGA § 32-3-11 (c).

However, all 12 judges of this Court recently revisited the issue of strict compliance with the time requirements of OCGA § 32-3-11 (c), finding certain of those requirements to be discretionary rather than mandatory, and additionally that the "plain words" of the statute require the presiding judge to schedule the hearing, not the Condemnee. Further, we disapproved Division 1 of *Lopez-Aponte* to the extent it "can be construed as reaching a contrary result." *Cobb County v. Robertson*, 314 Ga. App. 455, 458, n. 12 (724 SE2d 478) (2012). Just as the statute plainly places the burden on the presiding judge to schedule the hearing, it also places the burden on the presiding judge to issue the rule nisi. Thus, pursuant to *Cobb*, a superior court does have the discretion to hold a hearing outside the 60-day time period and, based on the underlying reasoning of our decision in that case, the discretion to hold a hearing and consider the merits of the petition if the rule nisi was not issued and served upon the condemnor a full 15 days before the hearing.[2]

Accordingly, we remand the case to the superior court to consider whether, in the exercise of its discretion and considering the attendant circumstances here, the Condemnees should be afforded an opportunity for a hearing and a decision on the merits of their petitions to set aside the declaration of taking.

*Judgment vacated and case remanded with direction. Phipps, P. J., and Andrews, J., concur.*

---

[2] As we also noted in *Robertson*, this issue is presently pending before our Supreme Court, and the parties in that case have been specifically requested to address whether " 'the trial court err(ed) in finding that it was the condemnees' responsibility to obtain a rule nisi and timely hearing on their motion to vacate. Compare (*Lopez-Aponte* [*v. City of Columbus*, 267 Ga. App. 65, 67, n. 1 (599 SE2d 1) (2004)]) with OCGA § 32-3-11 (c) stating the "presiding judge shall thereupon cause a rule nisi to be issued")." " See *Adkins v. Cobb County*, 291 Ga. 521 (731 SE2d 665) (2012).

*Flint, Connolly & Walker, Douglas H. Flint, Konrad G. Ziegler*, for appellant (case no. A11A1613).

*Vaughan & Evans, Donald C. Evans, Jr.*, for appellants (case no. A11A1786).

*Dyer & Rusbridge, Robert M. Dyer, Alicia M. Argo, Haynie & Litchfield, Douglas R. Haynie, Daniel W. White*, for appellees.