## S12A0848. ADKINS et al. v. COBB COUNTY.

(731 SE2d 665)

THOMPSON, Presiding Justice.

We granted an application for interlocutory appeal in this condemnation case to determine whether application of OCGA § 32-3-11 (c)[1] to bar appellants' motion to set aside or vacate a declaration of taking violates their due process rights and to consider whether that statute imposed upon appellants a responsibility to obtain a timely hearing on their motion. We conclude the statute as properly applied does not violate a condemnee's due process rights but reverse and remand to the trial court with direction that it hold a hearing pursuant to the mandate of OCGA § 32-3-11 (c) because it is the duty of the trial court, not the condemnee, to schedule the required hearing.

On January 11, 2010, appellee Cobb County filed a declaration of taking seeking to condemn property owned by appellants Russell Adkins and James Whitfield as part of a road construction project. Appellants signed acknowledgments of service on March 1, 2010, and on March 31, 2010 they filed an answer alleging, inter alia, that the county was not authorized to take the property. The same day, they filed a motion to set aside, vacate, and annul the declaration of taking. A rule nisi issued and after several attempts at settlement failed, the court set a hearing for April 20, 2011.

Following the hearing, the trial court dismissed appellants' motion to vacate on the ground that the motion was procedurally barred under OCGA § 32-3-11 (c) because appellants failed to obtain a hearing on the motion within 60 days of the date of filing of the declaration of taking. Instead, the court found, appellants filed their motion to vacate after they acknowledged service but leaving insufficient time to give Cobb County the required 15-day notice of a hearing and to hold the hearing within 60 days of the filing of the declaration of taking. The court rejected appellants' contention that

---

[1] This subsection provides that if a condemnee desires to challenge a declaration of taking, it shall be done by petition

filed in the same proceedings not later than 30 days subsequent to the date of service upon the condemnee of the declaration of taking. The presiding judge shall thereupon cause a rule nisi to be issued and served upon the condemnor, requiring him to show cause at a time and place designated by the judge why the title acquired by the declaration of taking should not be vacated and set aside in the same way and manner as is now provided for setting aside deeds acquired by fraud. Such hearing shall be had not earlier than 15 days from the time of service of the rule nisi upon the condemnor, nor later than 60 days from the date of filing of the declaration of taking, and with the right of appeal by either party, as in other cases.

applying OCGA § 32-3-11 (c)'s procedural bar under these circumstances violated their state and federal due process rights because any inability to comply with the Code section was due to their own inaction by waiting to acknowledge service. The trial court issued a certificate of immediate review, and we granted appellants' application for interlocutory appeal to review the trial court's dismissal order. See OCGA § 5-6-34 (b).

1. OCGA § 32-3-11 provides the procedural framework and remedy for a condemnee who wishes to challenge a declaration of taking by a condemnor. *Parker v. Dept. of Transp.*, 184 Ga. App. 882, 883 (363 SE2d 156) (1987). By its plain language, this section requires a condemnee to file a petition to set aside, vacate, or annul a declaration of taking no later than 30 days after service of the declaration. Once such a petition is filed, the presiding judge shall cause a rule nisi to be issued and served on the condemnor, requiring the condemnor to show cause at a hearing designated by the judge why the declaration should not be vacated and set aside. The hearing must be held at least 15 days after service of the rule nisi but not later than 60 days after the filing of the declaration. OCGA § 32-3-11 (c).

Here, appellants acknowledged service on March 1, 2010 and on March 31, 2010 timely filed their petition to vacate the declaration of taking. The trial court dismissed appellants' motion, finding OCGA § 32-3-11 (c) required that a hearing be held no later than 60 days from the date of filing of the declaration of taking, that it had no discretion to consider the motion to vacate outside the mandatory time frame, and that it was appellants' responsibility, not the trial court's, to obtain a rule nisi for a timely hearing. We disagree for several reasons.

First, OCGA § 32-3-11 (c) states in relevant part that a hearing "shall be had not earlier than 15 days from the time of service of the rule nisi upon the condemnor, nor later than 60 days from the date of filing of the declaration of taking." In cases involving similar temporal language, our appellate courts have

> established a framework for construing procedural requirements such as the [60]-day time period at issue here: Language contained in a statute which, given its ordinary meaning, commands the doing of a thing within a certain time, when not accompanied by any negative words restraining the doing of the thing afterward, will generally be construed as merely directory and not as a limitation of authority, and this is especially so where no injury appeared to have resulted from the fact that the thing was done after the time limited by the plain wording of the statute.

(Citation and punctuation omitted.) *Jasper County Bd. of Tax Assessors v. Thomas*, 289 Ga. App. 38, 39 (656 SE2d 188) (2007). See *Lewis v. State*, 283 Ga. 191, 194-195 (657 SE2d 854) (2008); *Charles H. Wesley Ed. Foundation v. State Election Bd.*, 282 Ga. 707, 709 (654 SE2d 127) (2007). Like the statutes at issue in these cases, there is no language following OCGA § 32-3-11 (c)'s 60-day directive which would restrain the trial court from holding a hearing after the 60-day period, nor any language indicating that either party shall be penalized for failure to comply with the 60-day provision. The absence of such restraining language leads us to conclude that the 60-day requirement found in OCGA § 32-3-11 (c) is directive, rather than mandatory.

We are further persuaded by the decisions of our Court of Appeals which twice has applied this rule of construction to OCGA § 32-3-11 (c) under virtually identical circumstances. See *Fincher Rd. Investments v. City of Canton*, 314 Ga. App. 852 (726 SE2d 120) (2012); *Cobb County v. Robertson*, 314 Ga. App. 455 (724 SE2d 478) (2012). In both cases the Court of Appeals determined OCGA § 32-3-11 (c)'s command to hold the hearing on the condemnee's motion to vacate within 60 days of the date of the filing of the declaration of taking is directory. We agree with these well-reasoned opinions and conclude that OCGA § 32-3-11 (c)'s 60-day requirement is directory, thus authorizing trial courts of this state to consider motions to vacate declarations of taking even in the absence of strict compliance. We reach this decision, like the Court of Appeals, based on the application of well-accepted rules of statutory construction and the conclusion that this interpretation does not cause injury or prejudice to either the condemnee or condemnor. Although Cobb County argues this interpretation infuses uncertainty into the process because condemnors will face untimely challenges to set aside their takings, OCGA § 32-3-11 (c) "does not require that a ruling be made within the 60-day period, and so the hearing contemplated by the statute cannot serve as the guarantor of such certainty." *Robertson*, supra, 314 Ga. App. at 457-458. Moreover, the requirement that a motion to set aside a declaration of taking be filed no later than 30 days after the date of service of the declaration is unaffected by our ruling in this case, thus ensuring timely notification to condemnors of any challenge to a declaration of taking.

Second, we must reverse the trial court's dismissal of appellants' motion to vacate because the court determined it was *appellants'* responsibility to cause a rule nisi to issue and schedule a hearing within the 60-day requirement. Pursuant to the clear language of OCGA § 32-3-11 (c), it is the duty of the court, not the condemnee, to issue a rule nisi and schedule the required hearing. That section

directs the *presiding judge* to "cause a rule nisi to be issued and served upon the condemnor, requiring him to show cause at a time and place designated *by the judge*." (Emphasis supplied.) If the trial court is for whatever reason unable to schedule the matter as required by statute, the parties should not be penalized or given an advantage. See *Etheridge v. Etheridge*, 242 Ga. 101 (249 SE2d 569) (1978). See also *Nodvin v. DeKalb County*, 158 Ga. App. 819 (282 SE2d 410) (1981) (reversing order dismissing appeal from condemnation award because duty to bring issue to trial is placed upon the judge, not the parties). "Counsel for neither party can control the calendars and trial of cases. Such procedures are in the hands of the court, not counsel." *Etheridge*, supra at 103. Accordingly, like the Court of Appeals, we disapprove of that portion of *Lopez-Aponte v. City of Columbus*, 267 Ga. App. 65 (599 SE2d 1) (2004), that places the burden of issuing a rule nisi and obtaining a timely hearing upon the condemnee.

2. Because OCGA § 32-3-11 (c)'s 60-day requirement is discretionary, it did not act as a procedural bar to the trial court's consideration of the merits of appellants' motion to vacate the declaration of taking filed by Cobb County. It follows that appellants were entitled to a hearing on their motion to vacate and the statute, as properly applied, does not deprive appellants of their due process rights by allowing the taking of their property without an opportunity to be heard. Accordingly, the trial court's order dismissing appellants' motion to vacate is reversed, and the case is remanded to the trial court for a hearing on the merits of that motion.

*Judgment reversed and case remanded with direction. All the Justices concur.*

DECIDED SEPTEMBER 10, 2012.

*Russell L. Adkins, Jr.*, for appellants.

*Jackel & Phillips, Dana L. Jackel, Christopher L. Phillips*, for appellee.

*Samuel S. Olens, Attorney General, R. O. Lerer, Deputy Attorney General, Denise E. Whiting-Pack, Senior Assistant Attorney General, Mary Jo Volkert, Assistant Attorney General*, amici curiae.